[Cite as *U.S. Bank, N.A. v. Jones*, 2016-Ohio-7168.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

**U.S. BANK NATIONAL
ASSOCIATION TRUSTEE, ETC.,**

    **PLAINTIFF-APPELLEE,**               **CASE NO.  1-16-15**

    **v.**

**KRISTA JONES,**

    **DEFENDANT-APPELLANT,**
    **-and-**                        **O P I N I O N**

**ALLEN COUNTY TREASURER, ET AL.,**

    **DEFENDANTS-APPELLEES.**

---

**Appeal from Allen County Common Pleas Court
Trial Court No. CV 2015 0463**

**Judgment Reversed**

**Date of Decision:   October 3, 2016**

---

**APPEARANCES:**

    *Steven L. Diller* **for Appellant**

    *Scott A. King* **for Appellee, U.S. Bank National Association Trustee**

**ROGERS, J.**

{¶1} Defendant-Appellant, Krista Jones, appeals the judgments of the Court of Common Pleas of Allen County granting summary judgment in favor of Plaintiff-Appellee, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for SAIL 2003-BC7 c/o Wells Fargo Bank, N.A. (SC) 3476 Stateview Boulevard Fort Mill, SC 29715 Mac # 7801-013 ("U.S. Bank") on its foreclosure action and denying her "Motion for Reconsideration and to Vacate Order Granting Summary Judgment." On appeal, Jones argues that the trial court erred in (1) finding that U.S. Bank was entitled to enforce the note; (2) failing to find that she was adequately protected against loss that might occur by reason of another person's claim to enforce the note; and (3) denying her request for further discovery. For the reasons that follow, we reverse the judgment of the trial court.

{¶2} In February 2003, Jones executed a promissory note payable to Wells Fargo Home Mortgage, Inc. ("Wells Fargo Home Mortgage") in the amount of $75,600. The note was secured by a mortgage in favor of Wells Fargo Home Mortgage on the property located at "1715 Coakley [sic], Lima, Ohio 45807." (Docket No. 1, Ex. C). The note's repayment terms were later modified through a "Loan Modification Agreement." (Docket No. 1, Ex. A, p. 6-7).

**{¶3}** On March 5, 2012, Wells Fargo Bank, National Association, successor by merger to Wells Fargo Home Mortgage, assigned the note and mortgage to U.S. Bank.

**{¶4}** Several years later, on August 5, 2015, U.S. Bank filed a complaint in foreclosure in the Court of Common Pleas of Allen County against Jones, Jones's husband, the Allen County Treasurer, and the Ohio Department of Taxation. The complaint alleged that U.S. Bank was entitled to enforce the note, the original of which had been lost, and foreclose on the mortgage because Jones had failed to make payments under the terms of the note. Copies of the lost-note affidavit, note, mortgage, and its assignment were attached to the complaint. The lost-note affidavit, executed in April 2012, stated:

> I, John Micu, being duly sworn, do hereby state under oath that:
>
> 1. I, as Vice President [sic] Loan Documentation (title) of [Wells Fargo] (the "Lender"), am authorized to make this affidavit on behalf of the Lender.
>
> 2. The Lender is the payee under the following described mortgage note (the "Note"):
>
>    Date: February 20, 2003
>    * * *
>    Borrower(s): [Jones]
>    Original Payee (if not the Lender): [Wells Fargo Home Mortgage]
>    Loan Amount: $75,600.00
>    * * *
>    Address of Mortgage Property: 1715 Coakley [sic], Lima, Ohio 45807

3.  Lender is the lawful owner of the Note, and Lender has not cancelled, altered, assigned or hypothecated the Note.

4.  The Note or an agreement executed by the borrower that modified the note ("Modification Agreement") was not located after a thorough and diligent search which consisted of the following actions: [s]earch [sic] Wells Fargo custodian, internal vault locations, box storage, origination file, and prior attorney.

5.  Attached hereto is a true and correct copy of the fully executed Note, endorsed in blank by Lender or the fully executed Modification Agreement, as applicable.

6.  The original Mortgage or Deed of Trust (or certified copy from the county recorder's office only in the jurisdictions that maintain a policy of not returning the originals) which secures the Note is contained in Lender's mortgage file.

7.  Lender intends that the owner and holder of the Note, its successors, and assigns rely on this Affidavit.

(Docket No. 1, Ex. A).

{¶5} On September 29, 2015, Jones filed her answer, denying most of the allegations in the complaint and raising several affirmative defenses.

{¶6} On January 5, 2016, U.S. Bank filed a motion for summary judgment. It argued that it had established via affidavit evidence that (1) it was the holder of the note and loan modification agreement and assignee of the mortgage; (2) Jones had defaulted under the terms of the note and loan modification agreement; and (3) it had provided Jones with proper notice before accelerating the loan pursuant to the

-4-

terms of the note and loan modification agreement. A copy of relevant case law was attached to the motion.

{¶7} That same day, U.S. Bank filed an "Affidavit of Judgment." The affidavit of judgment, executed in December 2015, stated:

Matthew Hardin, now deposes and states as follow:

1.  I am a duly appointed Vice President [sic] Loan Documentation with [Wells Fargo], the servicing agent for [U.S. Bank] and in that capacity I am authorized to execute this Affidavit. As Vice President [sic] Loan Documentation, I am responsible for assuring and validating the accuracy of the statements in this affidavit. * * *

2.  In the regular performance of my job functions, I am familiar with business records maintained by Wells Fargo for the purpose of servicing mortgage loans. These records (which include date compilations, electronically imaged documents, and other) are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by Wells Fargo. It is the regular practice of Wells Fargo's mortgage servicing business to make these records. In connection with making this affidavit, I have acquired personal knowledge of the matters stated herein by examining these business records.

3.  A review of the business records reveals that [Jones] executed and delivered to [Wells Fargo Home Mortgage], a certain Note * * * dated 02/20/2003 in the original amount of $75,600.00.

4.  [Jones] and [her husband] executed a Mortgage dated 02/20/2003, as security for payment on the above-described Promissory Note.

5.  A lost note affidavit has been executed in relation to the note at issue. A copy of the lost note affidavit is attached hereto.

6. According to Wells Fargo business records, payments have not been made as required under the terms of Promissory Note and Mortgage; the account is due and owing for the 12/01/2014 payment; the last payment was received on March 6, 2015 and was applied to the November 2014 [sic].

7. A Notice of Default letter dated 08/19/2014 was sent to [Jones] by first class mail.

8. According to Wells Fargo's business records, no subsequent payments to bring the loan current have been made, and the default on the loan has not been cured. [U.S. Bank] or its agent has accelerated the account, pursuant to the terms of the Promissory Note and Mortgage, making the entire balance due. As a result of the default on the loan, and the acceleration of the debt, the total amount due to [U.S. Bank] through 11/30/2015 is $70, 505.43 * * *.

* * *

10. Attached as exhibits hereto are copies of the Promissory Note (Exhibit A) with any applicable indorsements and the Loan Modification Agreement (Exhibit B) and Mortgage (Exhibit C) with any applicable Assignments (Exhibit D) * * *.

(Docket No. 17, p. 1-3). Copies of the note, lost-note affidavit, loan modification agreement, mortgage, and its assignment were attached to the affidavit of judgment.

{¶8} On March 1, 2016, Jones filed her response, arguing that U.S. Bank failed to establish that it was in possession of the note at the time that it was lost, as required under R.C. 1303.38(A)(1). Specifically, Jones argued that although U.S. Bank claimed it was the holder of the note and mortgage, the lost-note affidavit stated that Wells Fargo was "the lawful owner of the [n]ote" and Wells Fargo "ha[d]

not cancelled, altered, assigned or hypothecated the [n]ote." (Docket No. 23, p. 7). Jones also requested that U.S. Bank disclose its relationship with Wells Fargo and that she be granted leave to proceed with further discovery so that she could depose Hardin.

{¶9} On March 10, 2016, the trial court granted U.S. Bank's motion for summary judgment and issued a decree in foreclosure.[1] It found that the note was in default; the note was secured by a mortgage on Jones's property; the conditions of the mortgage had been broken; and U.S. Bank was entitled to foreclose on the mortgage.

{¶10} On March 14, 2016, Jones filed a "Motion for Reconsideration and to Vacate Order Granting Summary Judgment," requesting that the trial court grant her leave to depose Hardin or, in the alternative, explain its reasons for denying her request.

{¶11} On March 16, 2016, the trial court denied Jones's motion. It found that because Jones had failed to file an affidavit stating sufficient reasons why she was unable to present facts essential to oppose U.S. Bank's motion for summary judgment, she was not entitled to leave to depose Hardin.

{¶12} It is from both judgments that Jones appeals, presenting the following assignments of error for our review.

---

[1] The trial court also entered a default judgment against Jones's husband after he failed to answer the complaint.

*Assignment of Error No. I*

**THE TRIAL COURT ERRED AS A MATTER OF FACT AND LAW IN FINDING THAT THE PLAINTIFF WAS ENTITLED TO ENFORCE THE NOTE.**

*Assignment of Error No. II*

**THE TRIAL COURT ERRED IN FINDING THE APPELLEE HAD MET ITS EVIDENTIARY BURDEN UNDER CIVIL RULE 56.**

*Assignment of Error No. III*

**THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT WAS REQUIRED TO SUBMIT A COUNTER AFFIDAVIT IN RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT OR WITH THE MOTION TO VACATE THE JUDGMENT.**

*Assignment of Error No. IV*

**THE TRIAL COURT ERRED IN DENYING THE APPELLANT THE RIGHT TO FURTHER DISCOVERY.**

*Assignment of Error No. V*

**THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WITHOUT FINDING THAT THE APPELLANT WAS ADEQUATELY PROTECTED AGAINST LOSS THAT MIGHT OCCUR BY A REASON OF A CLAIM BY ANOTHER PERSON TO ENFORCE THE INSTRUMENT.**

{**¶13**} Due to the nature of Jones's assignments of error, we elect to address some of them together.

*Assignments of Error Nos. I & II*

**{¶14}** In her first and second assignments of error, Jones argues that the trial court erred in granting U.S. Bank's motion for summary judgment. Specifically, Jones argues that U.S. Bank failed to establish that it was in possession of the note when the note was lost. We agree.

**{¶15}** An appellate court reviews a summary judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.*, 131 Ohio App.3d 172, 175 (8th Dist.1999). However, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co., Inc.*, 148 Ohio App.3d 596, 2002-Ohio-3932, ¶ 25 (3d Dist.), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 222 (1994). Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In conducting this analysis, the court must determine "that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, [the nonmoving] party being entitled to have the evidence or stipulation construed most strongly in the [nonmoving] party's favor." *Id.* If any

doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. City of Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

{¶16} The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument. *Id.* at 292. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings. *Id.*; Civ.R. 56(E).

{¶17} " 'To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due.' " *HSBC Mtge. Servs., Inc. v. Watson*, 3d Dist. Paulding No. 11-14-03, 2015-Ohio-221, ¶ 24, quoting *Wright–Patt Credit Union, Inc. v. Byington*, 6th Dist. Erie No. E–12–002, 2013–Ohio–3963, ¶ 10.

{¶18} R.C. 1303.31(A) identifies three persons entitled to enforce an instrument: (1) the holder of the instrument; (2) a nonholder in possession of the instrument who has the rights of a holder; and (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to R.C. 1303.38 or 1303.58(D).

{¶19} R.C. 1303.38, Ohio's version of Section 3-309 of the Uniform Commercial Code ("UCC"), discusses the enforcement of a lost, destroyed, or stolen instrument. It provides:

(A)  A person not in possession of an instrument is entitled to enforce the instrument if all of the following apply:

(1)  *The person was in possession of the instrument and entitled to enforce it when loss of possession occurred.*

(2)  The loss of possession was not the result of a transfer by the person or a lawful seizure.

(3)  The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

(B)  A person seeking enforcement of an instrument under division (A) of this section must prove the terms of the instrument and the person's right to enforce the instrument.  If that proof is made, divisions (A) and (B) of section 1303.36 of the Revised Code applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument.

> Adequate protection for the person required to pay the instrument may be provided by any reasonable means.

(Emphasis added.)   R.C. 1303.38.

{¶20} Thus, for U.S. Bank to be entitled to enforce the note under R.C. 1303.31(A)(3), "it must first show by a preponderance of the evidence that it was in possession of the note when it was lost *and* entitled to enforce the note when it was lost." (Emphasis sic.) *Secy. of Veterans Affairs v. Leonhardt*, 3d Dist. Crawford No. 3-14-04, 2015-Ohio-931, ¶ 67, citing R.C. 1303.38(A)(1); *see also Dennis Joslin Co., LLC v. Robinson Broadcasting Corp.*, 977 F.Supp. 491, 495 (D.D.C.1997) ("[T]he plain language of the provision mandates that the plaintiff suing on the note must meet two tests, not just one: it must have been both in possession of the note when it was lost and entitled to enforce the note when it was lost.").

{¶21} Notably, in 2002, the drafters of the UCC amended Section 3–309—which had been identical to R.C. 1303.38—and removed the requirement that the person seeking to enforce the note be in possession of the instrument when the instrument was lost.  This section now permits a person not in possession of an instrument to enforce it if the person: "(A) was entitled to enforce the instrument when loss of possession occurred; or (B) has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the

instrument when loss of possession occurred." UCC Section 3–309(a)(1). A similar amendment is currently being considered by the Ohio legislature.

**{¶22}** Here, the lost-note affidavit—executed by Wells Fargo after it allegedly had assigned the note and mortgage to U.S. Bank—states that Wells Fargo "is the lawful owner of the [n]ote" and that Wells Fargo "has not cancelled, altered, assigned or hypothecated the [n]ote." (Docket No. 1, Ex. A). The lost-note affidavit does not state when the note was lost or that Wells Fargo was the servicing agent for U.S. Bank when the note was lost. While the affidavit of judgment—executed by Wells Fargo several years after it allegedly had assigned the note and mortgage to U.S. Bank—states that Wells Fargo is the servicing agent for U.S. Bank, the affidavit of judgment does not state when the note was lost or that Wells Fargo was the servicing agent for U.S. Bank when the note was lost. Indeed, the affidavit of judgment simply references the earlier lost-note affidavit.

**{¶23}** That being said, there is no evidence in the record that establishes that U.S. Bank was in possession of the note *and* entitled to enforce the note *when loss of possession occurred*. At best, the evidence only establishes that U.S. bank *may* have been entitled to enforce the note when loss of possession occurred, and this is insufficient to establish that U.S. Bank was entitled to enforce the lost note under R.C. 1303.38(A)(1).

**{¶24}** Accordingly, we sustain Jones's first and second assignments of error.

*Assignments of Error Nos. III, IV, & V*

**{¶25}** Given our resolution of Jones's first and second assignments of error, Jones's third, fourth, and fifth assignments of error are rendered moot and need not be considered.  App.R. 12(A)(1)(c).

**{¶26}** Having found error prejudicial to the appellant, in the particulars assigned and argued, we reverse the judgment of the trial court.

***Judgment Reversed***

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**