COURT OF APPEALS
DECISION
DATED AND FILED

August 29, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP729**

Cir. Ct. No. **2017CV104**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

OCONTO FALLS TISSUE, INC.,

PLAINTIFF-APPELLANT,

V.

ST PAPER, LLC,

DEFENDANT-THIRD-PARTY
PLAINTIFF-RESPONDENT,

V.

TISSUE TECHNOLOGY INC., PARTNERS CONCEPTS DEVELOPMENT, INC. AND TISSUE PRODUCTS TECHNOLOGY CORP.,

THIRD-PARTY DEFENDANTS.

---

APPEAL from an order of the circuit court for Oconto County: JAY N. CONLEY, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Oconto Falls Tissue, Inc. ("OFTI") appeals an order granting summary judgment in favor of ST Paper, LLC, dismissing OFTI's claims against ST Paper for failing to repay several loans.  OFTI argues that summary judgment should not have been granted because there are genuine issues of material fact as to whether OFTI met the requirements for enforcing a lost, destroyed or stolen instrument under WIS. STAT. § 403.309 (2021-22).[1]  We reject OFTI's arguments and affirm.

## BACKGROUND

¶2      On April 16, 2007, ST Paper purchased the assets of a paper mill from OFTI and other companies affiliated with OFTI's then-president for approximately $86,400,000.  To finance the purchase, ST Paper obtained a $70,000,000 loan from Goldman Sachs Credit Partners L.P.  ST Paper also issued four subordinated promissory notes to OFTI ("Seller Notes"), promising to pay a total of nearly $30,600,000.  Pursuant to a subordination agreement, the Seller Notes and the indebtedness therein were subordinated to the "Senior Indebtedness" (in essence, the Goldman Sachs loan), thereby requiring full payment of that indebtedness before any payments could be made on the Seller Notes.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶3     In June 2017, OFTI commenced this action, alleging breach of contract and unjust enrichment claims against ST Paper.   OFTI claimed that ST Paper had failed to satisfy its obligations under all four Seller Notes.

¶4     ST Paper and OFTI later filed cross-motions for summary judgment. As relevant to this appeal, ST Paper argued that OFTI lacked standing to enforce Seller Notes Nos. 1, 3 and 4 because OFTI had previously transferred or assigned those notes to third parties.   ST Paper further asserted that OFTI could not enforce the remaining note—Seller Note No. 2—because OFTI admitted during discovery that it did not possess the original of that note.   In response, OFTI conceded that it had either transferred or assigned Seller Notes Nos. 1, 3 and 4, and that those notes were no longer at issue in this case.   OFTI also conceded that it no longer possessed the original Seller Note No. 2.   OFTI nevertheless argued that Seller Note No. 2 was still enforceable under WIS. STAT. § 403.309 because no other party had demanded repayment pursuant to the note and because the original note could not be located.[2]

¶5     The circuit court subsequently granted ST Paper's motion for summary judgment and dismissed OFTI's claims against ST Paper.   In doing so, the court concluded that OFTI could not enforce Seller Note No. 2 because: (1) OFTI did not possess the original note; and (2) OFTI failed to

---

[2] OFTI also noted that it had "the original" of a different note, dated April 11, 2007, which reflected "the same debt" as Seller Note No. 2, which was executed on April 16, 2007. Although OFTI's purpose for pointing out this fact is unclear, OFTI seemed to intimate that its possession of this other note—a note that was undisputedly not the note at issue—would allow OFTI to enforce the note at issue because it reflected the same debt.  On appeal, OFTI again discusses the existence of the April 11 note that reflected the same debt as the debt in Seller Note No. 2.  In response, ST Paper argues that OFTI cannot enforce the April 11 version of Seller Note No. 2.  OFTI, in turn, concedes in its reply brief that only the April 16 note is at issue in this case. Accordingly, we will not further address the April 11 note.

produce sufficient evidence to meet WIS. STAT. § 403.309's exception for a lost, destroyed or stolen note.[3]  Specifically, as to the exception in § 403.309, the court recognized that the "statute tells you exactly what you have to show me and you have to show me when it was lost.  You have to give me information about it."

¶6      OFTI now appeals.  Additional facts will be provided as necessary below.

## DISCUSSION

¶7      We review a grant of summary judgment de novo, employing the same methodology as the circuit court.  *Stroede v. Society Ins.*, 2021 WI 43, ¶9, 397 Wis. 2d 17, 959 N.W.2d 305.  Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  WIS. STAT. § 802.08(2).  This case also involves the application of WIS. STAT. § 403.309, which is a question of law that we review de novo.  *See Security Fin. v. Kirsch*, 2019 WI 42, ¶10, 386 Wis. 2d 388, 926 N.W.2d 167.

¶8      In order to enforce an instrument, such as a promissory note, a person must be:  (1) "the holder of the instrument"; (2) "a nonholder in possession of the instrument who has the rights of a holder"; or (3) "a person not in possession of the instrument who is entitled to enforce the instrument under [WIS.

---

[3] OFTI mischaracterizes the circuit court's decision as concluding that Seller Note No. 2 could not be enforced under WIS. STAT. § 403.309 "because the original [n]ote was not produced."  This statement is patently incorrect.  As stated above, the court concluded that OFTI could not enforce the note because it *neither* possessed the note *nor* satisfied the requirements under § 403.309.

STAT. §] 403.309 or 403.418(4)."[4] WIS. STAT. § 403.301; *see also* WIS. STAT. § 403.104(1)-(2) (defining "negotiable instrument" and "instrument"). "Generally speaking, a 'holder' is the person in possession of the instrument." ***Bank of N.Y. Mellon v. Klomsten***, 2018 WI App 25, ¶22, 381 Wis. 2d 218, 911 N.W.2d 364 (citing WIS. STAT. § 401.201(2)(km)1.). OFTI does not possess the original Seller Note No. 2, nor does it argue that § 403.418(4) is applicable here. Therefore, the only issue in this appeal is whether OFTI is entitled to enforce Seller Note No. 2 under § 403.309.[5]

¶9     WISCONSIN STAT. § 403.309(1) provides that a person who is not in possession of an instrument may nevertheless enforce that instrument if all of the following apply:

> (a) The person was in possession of the instrument and entitled to enforce it when loss of possession occurred.
>
> (b) The loss of possession was not the result of a transfer by the person or a lawful seizure.
>
> (c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

---

[4] To the extent that OFTI attempts to argue that it can enforce Seller Note No. 2 because a copy of that note can be authenticated under WIS. STAT. § 909.015(1) or 909.02(9), we reject that argument as undeveloped and unsupported by legal authority. *See* ***State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (we need not address an argument that is undeveloped and unsupported by legal authority).

[5] OFTI contends for the first time on appeal that it is a "holder in due course" pursuant to WIS. STAT. § 403.302. In response, ST Paper argues that this argument fails because OFTI forfeited the argument by not raising the issue in the circuit court and because OFTI cannot be a "holder" without possessing the original Seller Note No. 2. OFTI does not respond to these arguments in its reply brief and therefore concedes their validity. *See* ***United Coop. v. Frontier FS Coop.***, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (appellant's failure to respond in reply brief to an argument made in response brief may be taken as a concession).

A person seeking to enforce an instrument under § 403.309(1) must also prove the terms of the instrument and the person's right to enforce the instrument. Sec. 403.309(2).

¶10     Here, the record contains little evidence related to OFTI's possession of Seller Note No. 2.  In opposing summary judgment, OFTI presented evidence showing that ST Paper had issued Seller Note No. 2 to OFTI, that OFTI promptly transferred the note to a third party, that OFTI eventually reacquired the note, that ST Paper did not subsequently acquire the note, and that no other party had demanded repayment of the note from ST Paper.  These facts—which we assume are true for purposes of summary judgment—fail to establish the exception for enforcing a lost, destroyed or stolen instrument under WIS. STAT. § 403.309.

¶11     As ST Paper correctly observes, the available facts do not show approximately *when* OFTI lost possession of the note or whether OFTI was entitled to enforce the note at that time.  *See* WIS. STAT. § 403.309(1)(a).  The facts also provide no basis for a fact finder to reasonably find or infer that OFTI did not lose possession of the note as a result of either a transfer or a lawful seizure.  *See* § 403.309(1)(b).  Finally, the record contains no facts from which a fact finder could reasonably find or infer that OFTI "cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process."  *See* § 403.309(1)(c).

¶12     Still, OFTI argues that it has met each of the requirements in WIS. STAT. § 403.309(1), asserting—without citing any evidence in the record—that "[Seller Note No. 2] was in the possession of [OFTI] when it was lost," that the

note was not transferred or lawfully seized, and that it "cannot say" which circumstance under § 403.309(1)(c) "applies because [the note] is lost." OFTI's arguments, however, are not evidentiary facts upon which we can base a summary judgment decision. *See **Helland v. Kurtis A. Froedtert Mem'l Lutheran Hosp.**,* 229 Wis. 2d 751, 756, 601 N.W.2d 318 (Ct. App. 1999) ("It is not enough to rely upon unsubstantiated conclusory remarks, speculation, or testimony which is not based upon personal knowledge [when opposing a motion for summary judgment]."); *see also* WIS. STAT. § 802.08(3). Furthermore, to our knowledge, the record does not even contain evidence supporting the fact that OFTI actually "lost" the original note or could not find it; OFTI appears to have made that assertion only in written and oral arguments.

¶13 OFTI also repeatedly emphasizes that no other party has made a claim regarding Seller Note No. 2 and that any claim would now be unenforceable under the relevant statute of limitations. Even if we assume that those propositions are true and that they could create an inference that OFTI owns the absent note at issue, they do not create any inference—much less a reasonable one—that OFTI had a right to enforce the note *when* the note was lost, *see* WIS. STAT. § 403.309(1)(a), nor do they create any inferences supporting the remaining requirements in § 403.309(1).

¶14 OFTI suggests that WIS. STAT. § 403.309 does not require any more evidence than the evidence OFTI provided because "no one can come to court and say what happened to [the note] because it is lost" and "an explanation as to what happened to the note … is absolutely impossible." OFTI suggests that if more evidence were required, then § 403.309 would be superfluous.

¶15 OFTI's argument is misplaced. By concluding that OFTI did not present sufficient evidence supporting each of the requirements in WIS. STAT. § 403.309(1), we are not suggesting that OFTI needed to produce evidence detailing exactly how, when and where OFTI lost possession of Seller Note No. 2, such that OFTI could actually locate the note. Nevertheless, a party must do more than simply provide evidence that the party owned the instrument at one time, as OFTI did in this case. *See id.* For example, a party seeking to enforce a lost instrument could provide an affidavit or testimony averring: (1) approximately when and where the party last knowingly possessed the instrument; (2) any efforts made to locate the instrument; (3) that the party was entitled to enforce the instrument during the time period when the party lost possession of it; (4) that the party has not transferred the instrument since acquiring it; (5) that the instrument was not lawfully seized; and (6) that the party has no knowledge regarding the current whereabouts of the instrument. *See id.* Of course, the evidence in each case might be different, but it is by no means, as OFTI argues, "absolutely impossible" to produce evidence supporting the requirements in § 403.309.

¶16 Finally, our conclusion that OFTI has not produced sufficient evidence under WIS. STAT. § 403.309 is supported by decisions in other jurisdictions applying analogous statutes.[6] *See, e.g.*, **Seven Oaks Enters., L.P. v. Devito**, 198 A.3d 88, 99-100 (Conn. App. Ct. 2018) (concluding "[t]here was no evidence presented from which the jury reasonably could infer that the note was

---

[6] As an alternative basis for affirming the circuit court's decision, ST Paper argues that the subordination agreement bars OFTI's claims due to the existence of "Senior Indebtedness." We need not address this argument, however, because we conclude, as a matter of law, that OFTI cannot enforce Seller Note No. 2 under WIS. STAT. § 403.309, which is dispositive of this appeal. *See* **Turner v. Taylor**, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716.

lost while in [the relevant party's] possession"); ***Sabido v. Bank of N.Y. Mellon***, 241 So. 3d 865, 866-67 (Fla. Dist. Ct. App. 2017); ***U.S. Bank Nat'l Ass'n Tr. v. Jones***, 2016-Ohio-7168, ¶¶14, 19, 22-23, 71 N.E.3d 1233 (Ct. App.) (concluding "there is no evidence in the record that establishes that U.S. Bank was in possession of the note *and* entitled to enforce the note *when loss of possession occurred*"); ***McCay v. Capital Res. Co.***, 940 S.W.2d 869, 870-71 (Ark. 1997).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.