STARK, P.J.[1]
¶1 L.F.H., Sr., (L.F.H.) appeals an order terminating his parental rights to his son, Leon.[2] The circuit court granted partial summary judgment in favor of the Brown County Department of Health and Human Services (the Department), finding that grounds existed to terminate L.F.H.'s rights under WIS. STAT. § 48.415(4) based upon a continuing denial of his periods of physical placement or visitation with Leon. L.F.H. argues the Department failed to prove a court order had been entered against him that satisfied the requirements of § 48.415(4). We agree. Therefore, we reverse the order terminating L.F.H.'s parental rights. Because the Department cannot meet its burden of proof under § 48.415(4), on remand, we direct the court to enter partial summary judgment in favor of L.F.H. and dismiss the § 48.415(4) ground for termination of L.F.H.'s parental rights.[3]
BACKGROUND
¶2 Leon was born in January 2010. He was removed from L.F.H.'s home in August 2014, and the Department subsequently filed a Child in Need of Protection or Services (CHIPS) petition because it determined there was no safe parent available to care for him. In December 2014, L.F.H., while represented by court-appointed counsel, entered a no-contest plea to the CHIPS petition allegations and agreed to a six-month consent decree that placed Leon in out-of-home care. The Department moved to vacate the consent decree in October 2015 after one extension. It also moved to suspend L.F.H.'s visits with Leon based upon Leon's disclosures that L.F.H. sexually abused him. Further, the Department alleged L.F.H. was unwilling to both take responsibility for and comprehend the impact his actions had on Leon.
¶3 The circuit court held a hearing on the Department's motions on October 19, 2015. L.F.H. was not represented by counsel. The court orally granted the Department's motion to vacate the consent decree and adjudicated Leon in need of protection or services. The court also orally granted the Department's motion to suspend L.F.H.'s visitation with Leon "until further proceedings." The court reduced its oral decision to writing (the "Suspension Order") approximately five months later on March 10, 2016, but dated it "nun [c ] pro tunc October 19, 2015." A Brown County court clerk mailed a copy of the Suspension Order to L.F.H. on March 16, 2016.
¶4 On November 16, 2015, the circuit court held a dispositional hearing on the CHIPS petition. L.F.H. again appeared without counsel. The court entered a CHIPS dispositional order (the "Dispositional Order") imposing a number of conditions on L.F.H. that were recommended in a report prepared by the Department.[4] The court stated on the record that L.F.H. received a written copy of the Dispositional Order's conditions. It further orally provided him with the notice required by WIS. STAT. § 48.356(1), stating that he should follow the Dispositional Order's conditions so that the return of Leon "can ultimately occur," and that grounds might exist to involuntarily terminate his parental rights if he failed to do so. Neither the written Dispositional Order nor its conditions specifically reference the Suspension Order or state that L.F.H.'s visitation rights to Leon were suspended.
¶5 In April 2017, the Department filed a petition to terminate L.F.H.'s parental rights pursuant to WIS. STAT. § 48.415(4) and (6). L.F.H., with the assistance of counsel, contested the petition. Thereafter, the Department moved for partial summary judgment that grounds existed to terminate L.F.H.'s parental rights under only § 48.415(4) -continuing denial of periods of physical placement or visitation. In response, L.F.H. argued that there was no "valid" order containing the notice required for the Department to move to terminate his parental rights, as neither the Suspension Order nor the Dispositional Order-viewed jointly or individually-met the requirements of § 48.415(4). The Department responded that when the Suspension Order is "coupled with" the Dispositional Order, the Dispositional Order is a qualifying order under § 48.415(4).
¶6 The circuit court granted the Department's partial summary judgment motion in a written decision and order.[5] It agreed with the Department that "the Suspension Order ... was incorporated impliedly as a part of the Dispositional Order." The court determined that the Dispositional Order's condition requiring L.F.H. to "cooperate with the visitation schedule and recommendation regarding supervised/unsupervised contact arranged through the Department" did not "in any way supersede, modify, or vacate the Suspension Order." It thus concluded that the Dispositional Order was a qualifying order under WIS. STAT. § 48.415(4) because it suspended L.F.H.'s visitation with Leon, it informed him of the conditions he had to fulfill to reinstate visitation, and it contained the notice required by WIS. STAT. § 48.356(2) concerning the possibility that L.F.H.'s parental rights would be terminated if he failed to satisfy the conditions imposed on him. Because the Dispositional Order was a qualifying order and it had not been modified for at least one year, the court concluded the Department was entitled to partial summary judgment under § 48.415(4). Thereafter, the court found the termination of L.F.H.'s parental rights to be in Leon's best interest and entered an order terminating those rights. L.F.H. now appeals.
DISCUSSION
¶7 L.F.H. argues that the Department failed to prove grounds exist to terminate his parental rights under WIS. STAT. § 48.415(4) and that the circuit court therefore erred in granting the Department partial summary judgment. We independently review a circuit court's grant of summary judgment. See Donaldson v. Town of Spring Valley , 2008 WI App 61, ¶5, 311 Wis. 2d 223, 750 N.W.2d 506. The interpretation and application of a statute to a set of facts is a question of law that we also review independently. See id. , ¶6.
¶8 To prove grounds exist to terminate L.F.H.'s parental rights to Leon under WIS. STAT. § 48.415(4), the Department is required to show: (1) the Dispositional Order denied L.F.H. visitation with Leon and provided L.F.H. with notice, as required by WIS. STAT. § 48.356,[6] of the conditions he was required to meet to regain visitation or secure Leon's return to his care; and (2) the Dispositional Order had not been modified and at least one year had elapsed since the order was issued. See WIS. STAT. § 48.415(4)(a)-(b).
¶9 L.F.H. contends the Department did not meet its burden of proof as to WIS. STAT. § 48.415(4) 's first element. He first argues that the Department cannot rely on the Suspension Order to prove he was denied visitation with Leon. L.F.H. next argues the Dispositional Order did not deny him visitation with Leon. He further argues that even if the Dispositional Order could be construed to deny his visitation with Leon, it failed to specify the conditions he had to comply with to regain that visitation. We agree with L.F.H. that the circuit court erred in granting the Department partial summary judgment because neither the Suspension Order nor the Dispositional Order, individually or together, satisfy § 48.415(4) 's requirements.
¶10 Statutory language must be given its common, ordinary, and accepted meaning, except that technical or specially defined words or phrases are given their technical or special definitional meaning. State ex rel. Kalal v. Circuit Court for Dane Cty. , 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language in the context in which it is used, in relation to the language of surrounding or closely related statutes, and reasonably, to avoid absurd or unreasonable results. Id. , ¶46. We cannot, however, read language into the statute that does not exist. St. Croix Cty. DHHS v. Michael D. , 2016 WI 35, ¶27, 368 Wis. 2d 170, 880 N.W.2d 107. If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning. Kalal , 271 Wis. 2d 633, ¶46.
¶11 The parties agree that although the Suspension Order denied L.F.H. visitation with Leon, the circuit court properly found the Suspension Order alone did not satisfy WIS. STAT. § 48.415(4)(a) 's requirements.[7] The Suspension Order was not entered in an action affecting the family and clearly is not a CHIPS dispositional order because it lacks the information required by WIS. STAT. § 48.355(2)(b). It also is not an order "under [ WIS. STAT. §§] ... 48.363, 48.365, 938.345, 938.363 or 938.365 ...." See WIS. STAT. § 48.415(4)(a). We therefore agree that the plain language of § 48.415(4)(a) does not permit the Department to rely only upon the Suspension Order to prove L.F.H. was denied visitation with Leon.
¶12 The Department contends the circuit court properly relied on the Dispositional Order to terminate L.F.H.'s parental rights under WIS. STAT. § 48.415(4)(a). However, § 48.415(4)(a) 's plain language requires that the Dispositional Order be the operative order that denied L.F.H. visitation with Leon. The Dispositional Order and its conditions of supervision contain no language that would provide L.F.H. with notice that the order suspended his visitation with Leon.
¶13 The Department argues that the Dispositional Order denied L.F.H. visitation because its third condition specifically incorporated the Suspension Order. As long as the Suspension Order was left unmodified, the Department claims "the only reasonable way to interpret the requirements of condition #3 is that L.F.H.[ ] was not permitted to have face-to-face contact with [Leon]." We disagree. The Dispositional Order's third condition contains no language denying L.F.H. visitation with Leon, nor does it specifically reference the Suspension Order. In fact, L.F.H. could reasonably believe the Dispositional Order's third condition permitted him to have visitation with Leon because it provides that L.F.H. should "cooperate with [a] visitation schedule," that "[n]o one else is allowed to partake in the visits" unless the Department approves of that person, and that "[d]uring visitation," L.F.H. should not initiate discussion about the CHIPS case.
¶14 Furthermore, the Dispositional Order's seventh condition could also lead L.F.H. to reasonably believe that he was permitted to have visitation with Leon. It states that L.F.H. "shall provide adequate, consistent care and supervision for [Leon] while [he is] in his care or during visits." Nothing in the Dispositional Order's conditions could reasonably lead L.F.H. to believe it suspended his visitation with Leon because the language "during visits" implies that visits would be occurring, albeit at an undefined time. Again, the Dispositional Order did not specifically incorporate the Suspension Order, nor did it directly state or imply that L.F.H. was denied visitation with Leon. Therefore, it did not satisfy the requirements of WIS. STAT. § 48.415(4)(a).
¶15 The Department claims that we must assess the effect of the Dispositional Order in concert with the effect of the Suspension Order. In other words, it argues that when the Suspension Order and the Dispositional Order are construed together, they constitute a CHIPS dispositional order that denied L.F.H. visitation. Again, we disagree.
¶16 WISCONSIN STAT. § 48.415(4)(a) 's plain language does not permit the Department to rely on two separate orders to create one that satisfies § 48.415(4)(a) 's requirements. Rather, § 48.415(4)(a) unambiguously requires the Dispositional Order to be the court order that denies L.F.H. visitation to the child-which it did not do. Critically, the Department cites to no statute or case law-nor are we aware of any-to support its position that it can rely on an order outside of those specifically listed in § 48.415(4)(a) to satisfy that statute's requirements.
¶17 The Department argues that the Suspension Order "remained enforceable" when the circuit court entered the Dispositional Order and that the Dispositional Order "incorporated" the Suspension Order. However, the Suspension Order's enforceability is immaterial in this instance because it is not an order that can be used under WIS. STAT. § 48.415(4)(a) to prove that L.F.H. had been denied visitation. Moreover, as discussed above, the Dispositional Order neither explicitly nor implicitly incorporated the Suspension Order.
¶18 Regardless, even if we were to agree with the Department that WIS. STAT. § 48.415(4) permitted the Department to rely on both orders to prove grounds existed to terminate L.F.H.'s parental rights, the Department would fail in its burden of proof because the two orders combined would lack the notice required by WIS. STAT. § 48.356. That statute requires that L.F.H. be informed of the conditions necessary to regain visitation or to have Leon returned to his care. See § 48.356(1) - (2). Here, the Dispositional Order provided L.F.H. with conditions he was required to meet, but, crucially, neither the Suspension Order nor the Dispositional Order explained to L.F.H. that he was required to meet those conditions to regain visitation or secure Leon's return to his care.
¶19 The Suspension Order contained no information advising L.F.H. what he was required to do to regain visitation with Leon. As to the Dispositional Order, the Department asserts the Order's sixth condition requiring L.F.H. to participate in counseling and "follow all recommendations by the therapist" "was clearly linked to the reasons for which visitation was suspended in the first place." However, that condition does not explain, or even imply to L.F.H., that he was required to successfully complete that condition to regain visits with Leon.
¶20 The Department further contends that because the Suspension Order remained enforceable after the Dispositional Order was entered, the Department did not have the authority to reinstate the visitation between L.F.H. and Leon without a subsequent circuit court order. As a result, the Department argues L.F.H. was required to petition the court to resume visitation with Leon. Because L.F.H. failed to do so within the time permitted under WIS. STAT. § 48.415(4)(a), the Department contends the court therefore properly found grounds to terminate L.F.H.'s parental rights.
¶21 Nothing in the Suspension or Dispositional Orders, however, advised L.F.H. that he was required to petition the circuit court to reinstate visitation with Leon. In fact, the Dispositional Order's third condition would lead a reasonable person to conclude that the Department would decide the nature and extent of L.F.H.'s visitation with Leon. On the record before us, we cannot conclude that the Suspension Order and the Dispositional Order, even if they could be properly construed together, would have satisfied WIS. STAT. § 48.415(4)(a) 's requirement to provide the notice set forth in WIS. STAT. § 48.356.
¶22 Finally, the Department claims the circuit court properly granted its partial summary judgment motion because the Department complied with the statute's intent. In other words, L.F.H. had been put on notice that "his visits were suspended and what the expectations were ... to have visitation reinstated" by virtue of his participation in various court hearings throughout the duration of the CHIPS proceedings. This argument lacks merit for several reasons.
¶23 As relevant here, WIS. STAT. § 48.415(4)(a) requires a written CHIPS dispositional order providing L.F.H. with notice that his visits were suspended and explaining what he must do to regain visitation or Leon's return to his care. Cobbling together various oral rulings provided during multiple court hearings at which L.F.H. appeared pro se is not sufficient to meet the statute's requirements.
¶24 The Department asserts L.F.H.'s statements throughout the CHIPS proceedings do show that he knew "his visits were suspended and what the expectations were." It cites to three different statements made by L.F.H. out of context. Two statements are from the CHIPS dispositional hearing transcript:
[L.F.H.]: So, I don't have any objections with whatever it is they are asking me to do ....
....
[L.F.H.]: In the original consent decree I never was-it wasn't an order for individual counseling. I continued to see my counselor because it helped me to be able to have someone to talk to to relate to what it was that I was going through in order to help keep me sane and stable, but it was never ordered in the original consent decree. It was court ordered after we were in your court and I have reestablished contact with ... my counselor to continue on a[n] individual basis[.]
The third statement is taken from L.F.H.'s handwritten letter to the Honorable Donald R. Zuidmulder regarding a permanency plan review for Leon: "I was talking with an attorney to file a motion to re[ ]instate visitation ...." None of these statements reflect that L.F.H. knew he was required to successfully comply with the Dispositional Order's conditions in order to regain visitation or Leon's return to his care. Further, the Department cannot use L.F.H.'s out-of-context statements made during the pendency of his CHIPS proceeding to meet the evidentiary requirements of WIS. STAT. § 48.415(4)(a).
¶25 The undisputed facts show the Department did not satisfy its burden of proof under WIS. STAT. § 48.415(4). Thus, the Department was not entitled to partial summary judgment at the grounds phase of L.F.H.'s TPR proceedings. We therefore reverse the order terminating L.F.H.'s parental rights. We direct the circuit court on remand to enter partial summary judgment in favor of L.F.H. and dismiss the WIS. STAT. § 48.415(4) ground for termination of L.F.H.'s parental rights because the Department cannot meet its burden to prove § 48.415(4) 's requirements.[8]
By the Court. -Order reversed and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

For ease of reading, we refer to L.F.H., Jr., using the pseudonym Leon, rather than his initials.
The Department also petitioned to terminate the parental rights of Leon's mother. However, the Department dismissed the petition against her after she passed away between the date the circuit court granted partial summary judgment and the date of the termination of parental rights (TPR) dispositional hearing.

We agree with L.F.H. that the circuit court erred when it determined the Department satisfied its burden of proof at partial summary judgment. We therefore decline to address L.F.H.'s second argument that Wis. Stat. § 48.415(4) is unconstitutional as applied to him because we need not address all arguments raised by a party if the resolution of one is dispositive to the appeal. See Turner v. Taylor , 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716.
Cases appealed under Wis. Stat. Rule 809.107 "shall be given preference and shall be taken in an order that ensures that a decision is issued within 30 days after the filing of the appellant's reply ...." See Rule 809.107(6)(e). Conflicts in this court's calendar and other expedited appeals on our docket have resulted in a slight delay. It is therefore necessary for this court to sua sponte extend the deadline for a decision in this case. See Wis. Stat. Rule 809.82(2)(a) ; Rhonda R.D. v. Franklin R.D. , 191 Wis. 2d 680, 694, 530 N.W.2d 34 (Ct. App. 1995). Accordingly, we extend our deadline to the date this decision is issued.

The Dispositional Order conditions at issue in this appeal are as follows:
3. [L.F.H.] shall cooperate with the visitation schedule and recommendation regarding supervised/unsupervised contact as arranged through the Department. [L.F.H.] shall cooperate fully and in no way interfere with [Leon]'s placement. No one else is allowed to partake in the visits unless it has been previously approved by the Department. During visitation [L.F.H.] will not initiate discussion about the facts in the petition.
....
6. [L.F.H.] shall participate in counseling as arranged and/or approved by the Department, with successful discharge by the therapist. This service will address his son being the victim of maltreatment and the effects this will have on his family dynamics. [L.F.H.] shall follow all recommendations by the therapist.
7. [L.F.H.] shall successfully complete a parenting program or actively work with the Parent Support Specialist arranged by the Department. [L.F.H.] shall demonstrate a desire and ability to parent [Leon], utilizing appropriate parenting skills. [L.F.H.] shall provide adequate, consistent care and supervision for [Leon] while in his care or during visits.

The Honorable Kendall M. Kelley presided over the TPR proceedings through the January 4, 2018 hearing on the Department's motion for partial summary judgment. The Honorable Mark A. Warpinski granted the Department's motion in a written decision and order on January 22, 2018, and he presided over the remainder of L.F.H.'s TPR proceedings.

Wisconsin Stat. § 48.356 provides:
(1) Whenever the court orders a child to be placed outside his or her home ... or denies a parent visitation because the child ... has been adjudged to be in need of protection or services under s. 48.345, ... the court shall orally inform the parent or parents who appear in court ... of any grounds for termination of parental rights under s. 48.415 which may be applicable and of the conditions necessary for the child ... to be returned to the home or for the parent to be granted visitation.
(2) In addition to the notice required under sub. (1), any written order which places a child ... outside the home or denies visitation under sub. (1) shall notify the parent or parents ... of the information specified under sub. (1).

Wisconsin Stat. § 48.415(4) provides, in relevant part:
Continuing denial of periods of physical placement or visitation, which shall be established by proving all of the following:
(a) That the parent has been denied periods of physical placement by court order in an action affecting the family or has been denied visitation under an order under s. 48.345, 48.363, 48.365, 938.345, 938.363 or 938.365 containing the notice required by s. 48.356 (2) or 938.356 (2).

Wisconsin Stat. § 802.08(6) provides that "[i]f it shall appear to the court that the party against whom a motion for summary judgment is asserted is entitled to a summary judgment, the summary judgment may be awarded to such party even though the party has not moved therefor."