Walter J. TURNER and Kathleen M. Turner,
Plaintiffs-Appellants,

v.

Duane TAYLOR, Kathleen Taylor, Dean R. Taylor,
Robert Lorkowski, and Barbara Lorkowski,
Defendants-Respondents.

Court of Appeals

*No. 03–0705. Submitted on briefs September 2, 2003.—
Decided November 25, 2003.*

2003 WI App 256

(Also reported in 673 N.W.2d 716.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Thomas J. Basting, Jr.* and *Jack Y. Perry* of *Briggs and Morgan P.A.* of Minneapolis, MN.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Gordon K. Morris* of Bruce, WI.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Walter and Kathleen Turner appeal a summary judgment granted in favor of Duane, Kathleen and Dean Taylor, and Robert and Barbara Lorkowski. The circuit court concluded an easement benefiting the Taylors' and Lorkowskis' properties, and burdening the Turners' land, was not extinguished by the bona fide purchaser defense under WIS. STAT. § 706.09(1)(k) because the defense does not apply to easements. Thus, the Taylors and Lorkowskis could enforce the easement pursuant to WIS. STAT. § 893.33(6). Because we conclude the bona fide purchaser defense does apply to easements, we reverse the summary judgment and remand for a determination as

to whether the Turners otherwise had notice of the easement at the time they purchased the property.[1]

## BACKGROUND

¶ 2. This dispute stems from a complicated history of numerous land conveyances. What was once a single parcel of real estate in 1927 has since been divided into a number of smaller parcels. Those relevant to this appeal include a parcel owned by Walter and Kathleen Turner and purchased in 1994; two parcels owned by Duane and Kathleen Taylor, one bought in 1970 and the other in 1990; and one parcel owned by Robert and Barbara Lorkowski, acquired in 1988. Viewing the properties from west to east, the Turners own the first parcel (the Turner Parcel), the Taylors own the following two (the West Taylor Parcel and the East Taylor Parcel), and the Lorkowskis own the last one (the Lorkowski Parcel).

¶ 3. This appeal centers on an easement that was last recorded in 1959 in a deed for the East Taylor Parcel. The easement burdened the Turner Parcel and the West Taylor Parcel by providing the East Taylor Parcel and the Lorkowski Parcel with ingress and egress across the West Taylor and Turner Parcels. The Turners purchased the Turner Parcel in 1994, but there was no mention in the deed of any easements or other interest burdening this land.

---

[1] Because this conclusion disposes of the appeal, we do not consider the Turners' alternative argument that the recorded easement does not benefit the West Taylor Parcel and it would be unreasonable to expand the easement's benefits to the West Taylor Parcel. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) ("As one sufficient ground for support of the judgment has been declared, there is no need to discuss the others urged.").

¶ 4. On June 21, 2000, the Turners filed suit demanding a declaration of interest eliminating the easement or an order restraining the Taylors and Lorkowskis from using it. *See* Wis. Stat. § 840.03.[2] The Turners maintained their property should be free of the easement by virtue of Wis. Stat. § 706.09(1)(k), which provides that a purchaser for valuable consideration and without notice takes the land free and clear of any interest not recorded in the prior thirty years.[3] The Taylors and the Lorkowskis counterclaimed to enforce

---

[2] Wisconsin Stat. § 840.03 provides in part:

(1) Any person having an interest in real property may bring an action relating to that interest, in which the person may demand the following remedies singly, or in any combination, or in combination with other remedies not listed, unless the use of a remedy is denied in a specified situation:

(a) Declaration of interest.

(b) Extinguishment or foreclosure of interest of another.

. . . .

(L) Restraint of another's use of, activities on, or encroachment upon land in which plaintiff has an interest.

All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

[3] Wisconsin Stat. § 706.09(1)(k) states:

(1) WHEN CONVEYANCE IS FREE OF PRIOR ADVERSE CLAIM. A purchaser for a valuable consideration, without notice as defined in sub. (2), and the purchaser's successors in interest, shall take and hold the estate or interest purported to be conveyed to such purchaser free of any claim adverse to or inconsistent with such estate or interest, if such adverse claim is dependent for its validity or priority upon:

. . . .

(k) *Interests not of record within 30 years.* Any interest of which no affirmative and express notice appears of record within 30 years.

the easement pursuant to WIS. STAT. § 893.33(6) and (8), the statute of limitations to commence an action to enforce recorded easements.[4]

[4] WISCONSIN STAT. § 893.33 reads in pertinent part:

(6) Actions to enforce easements, or covenants restricting the use of real estate, set forth in any recorded instrument shall not be barred by this section for a period of 40 years after the date of recording such instrument, and the timely recording of an instrument expressly referring to the easements or covenants or of notices pursuant to this section shall extend such time for 40–year periods from the recording.

. . . .

(8) If a period of limitation prescribed in s. 893.15(5), 1977 stats., has begun to run prior to July 1, 1980, an action shall be commenced within the period prescribed by s. 893.15, 1977 stat., or 40 years after July 1, 1980, whichever terminates first.

WISCONSIN STAT. § 893.15(5) (1977), referenced in § 893.33(6) above, provides:

Actions to enforce easements, or covenants restricting the use of real estate set forth in any instrument of public record shall not be barred by this section for a period of 60 years after the date of recording such instrument, and the timely recording of instruments expressly referring to such easements or covenants or of notices pursuant to this section shall extend such time for 60–year periods from such recording.

The period of limitations to bring an action to enforce a recorded easement used to be sixty years. *See* WIS. STAT. § 893.15(5) (1977). The same period of limitations is now forty years. *See* WIS. STAT. § 893.33(6). However, because the easement interest at issue in this case was last recorded in 1959, the period of limitations to enforce the easement began to run prior to July 1, 1980. Thus, according to § 893.33(8), the Taylors have sixty years to bring an action to enforce the easement. For simplicity, we will only refer to § 893.33(6) as the statute of limitations for recorded easements throughout our discussion.

¶ 5. The circuit court granted summary judgment in favor of the Taylors and the Lorkowskis. Even though more than thirty years had passed since the easement's last recording, the court concluded the easement was not extinguished by Wis. Stat. § 706.09(1)(k) for two reasons. First, the State of Wisconsin Abstracting Standards require an abstractor to include easements recorded sixty years prior to the date the abstract was last continued. The court stated there was "no reason for the State Bar of Wisconsin to adopt that abstracting standard if the 30 year statute [§ 706.09(1)(k)] applies." Second, § 706.09(1)(k) was little more than a curative statute amounting to a "stale records law," while Wis. Stat. § 893.33(8) and Wis. Stat. § 893.15(5) (1977), allowed for the enforcement of easements for up to sixty years. Because the easement was recorded within the sixty-year window, the court determined the easement was enforceable and, therefore, it need not determine whether the Turners took the property with affirmative or express notice of the easement.

¶ 6. The matter was then set over for a determination of the precise location of the easement. All parties stipulated to its location, and the court determined its width to be thirty-three feet. Final judgment was entered and the Turners appeal.

## Discussion

■■

¶ 7. When reviewing a summary judgment, we perform the same function as the trial court, making our review de novo. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Summary judgment must be entered "if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

## I. WISCONSIN STAT. § 706.09(1)(k) INCLUDES EASEMENTS

¶ 8. WISCONSIN STAT. § 706.09 operates as a "title curative" statute that corrects defects in titles to real estate. *Schapiro v. Security S&L Ass'n,* 149 Wis. 2d 176, 185–86, 441 N.W.2d 241 (Ct. App. 1989). It extinguishes interests or claims that are adverse to or inconsistent with merchantable title when the following circumstances are present. *See* WIS. STAT. § 706.09; *see also Badger State Agri-Credit & Realty, Inc. v. Lubahn,* 122 Wis. 2d 718, 728–29, 365 N.W.2d 616 (Ct. App. 1985). First, the estate or interest must be purchased for valuable consideration, i.e., the purchaser must be bona fide. WIS. STAT. § 706.09(1). Second, the adverse claim or interest must fall into one of the eleven listed situations. WIS. STAT. §§ 706.09(1)(a)-(k). Third, the adverse claim or interest must not be exempt from the statute. WIS. STAT. § 706.09(3). Fourth, the purchaser must not have had affirmative or express notice of the adverse claim or interest at the time the purchaser's interest developed in law or equity. WIS. STAT. §§ 706.09(1), (2).

¶ 9. The limited issue on appeal concerns the second element; specifically whether "*any interest* not of record within 30 years" includes easements. *See* WIS. STAT. § 706.09(1)(k) (emphasis added). Statutory interpretation is a question of law we review de novo. *German v. DOT,* 2000 WI 62, ¶ 7, 235 Wis. 2d 576, 612

N.W.2d 50. The goal of statutory interpretation is to discern the legislature's intent. *State v. Byers*, 2003 WI 86, ¶ 13, 263 Wis. 2d 113, 665 N.W.2d 729. Statutory language is given its common, ordinary and accepted meaning, although technical words or phrases with a peculiar meaning in the law must be construed according to such meaning. *Bruno v. Milwaukee County*, 2003 WI 28, ¶ 8, 260 Wis. 2d 633, 660 N.W.2d 656. If the statute's language is facially clear, we need not look any further than the statutory text to determine the statute's meaning. *State v. Peters*, 2003 WI 88, ¶ 14, 263 Wis. 2d 475, 665 N.W.2d 171.

¶ 10. The language of the statute does not limit the types of interests that fall within its purview. Thus, the resolution of this issue hinges on what an "interest" is and if an easement is an interest. An "interest" is a technical word that has a peculiar meaning in the law; hence, to understand its meaning we look outside the statute. *See Bruno*, 260 Wis. 2d 633, ¶¶ 7–8. An interest is defined as "[a] legal share in something; all or part of a legal or equitable claim to or right in property." BLACK'S LAW DICTIONARY 816 (7th ed. 1999). An easement is, among other attributes, an "interest in another's land, with a right to enjoy it fully and without obstruction." *Krepel v. Darnell*, 165 Wis. 2d 235, 244, 477 N.W.2d 333 (Ct. App. 1991); *see also Millen v. Thomas*, 201 Wis. 2d 675, 691, 550 N.W.2d 134 (Ct. App. 1996). While the definition of easement includes the word interest, of paramount importance is that the meaning of interest is synonymously used. That is, an interest is a right in property and an easement is a right in another's property. Because we see no logical equivoca-

tion in the use of the term, WIS. STAT. § 706.09(1)(k)
applies to easements as a matter of course.[5]

---

[5] We reject the Taylors' argument that the statute is ambiguous. The test for statutory ambiguity is as follows:

> [T]he test for statutory ambiguity focuses first (as it must) on the language of the statute, not the competing interpretations of it offered by lawyers or judges. The statutory language is given its common and ordinary meaning, and technical or specially-defined terms are given the technical or special definitional meaning assigned to them. . . . If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning.
>
> The presence of different "plain meaning" interpretations by lawyers or judges does not authorize the court to skip this process, assume ambiguity, and begin searching for extrinsic sources of legislative intent. Rather, . . . the court examines the statutory or ordinance language to determine whether " 'well-informed persons' should have become confused," that is, whether the statutory or ordinance language reasonably gives rise to different meanings. A statute is ambiguous if it is susceptible of two or more "equally sensible interpretations."

*Bruno v. Milwaukee County*, 2003 WI 28, ¶¶ 20–21, 260 Wis. 2d 633, 660 N.W.2d 656 (citations omitted). The plain meaning analysis produced a clear statutory meaning. Because of this, the language is not susceptible of two or more equally sensible interpretations. Thus, there is no ambiguity.

Furthermore, because the plain meaning of the statute compels our conclusion, we also decline to address the Taylors' argument that we should resort to the statutory canon of construction *ejusdem generis*. *See State v. Peters*, 2003 WI 88, ¶ 14, 263 Wis. 2d 475, 665 N.W.2d 171 (If a statute's language is clear on its face, we need not look any further than the statutory text to determine the statute's meaning.); *see also La Barge v. State*, 74 Wis. 2d 327, 246 N.W.2d 794 (1976), and *Watkins v. Milwaukee County Civil Serv. Comm'n*, 88 Wis. 2d 411, 276 N.W.2d 775 (1979), for an explanation of the canon of construction *ejusdem generis*.

¶ 11. While it is unnecessary to look beyond the plain language, we observe that this conclusion is bolstered by the public policy embodied in WIS. STAT. § 706.09. The legislature included a statutory declaration within this section that asserts, "[n]othing in this section shall be construed to raise or support any inference adverse or hostile to marketability of titles." WIS. STAT. § 706.09(5). A marketable title is "one that can be held in peace and quiet; not subject to litigation to determine its validity; not open to judicial doubt." *Baldwin v. Anderson*, 40 Wis. 2d 33, 43, 161 N.W.2d 553 (1968) (citation omitted). It has been described as meaning "good title." *Genske v. Jensen*, 188 Wis. 17, 19, 205 N.W. 548 (1925). However, "[t]itle that is encumbered by an easement is not a good title." *Bankers Trust Co. v. Bregant*, 2003 WI App 86, ¶ 18, 261 Wis. 2d 855, 661 N.W.2d 498. Consequently, if we construed § 706.09(1)(k) not to include easements, we would, in effect, encourage an interpretation of the statute that is adverse to the marketability of titles. If such were the case, we would be acting contrary not only to the legislature's clear intent, but also to public policy.

¶ 12. Our conclusion is also in accord with the overall scope and construction of WIS. STAT. ch. 706. WISCONSIN STAT. § 706.001 states, "this chapter shall

Finally, we understand the supreme court has recently resorted to reviewing legislative history when interpreting a statute without first determining the statute is ambiguous. *See Hubbard v. Messer*, 2003 WI 145, ¶¶ 19–20, 267 Wis. 2d 92, 673 N.W.2d 676. Although we are not employing this method for statutory interpretation, we do note that we have reviewed the legislative history and found nothing helpful in determining whether the legislature intended to include or exclude easements as part of WIS. STAT. § 706.09(1)(k).

govern every transaction by which any interest in land is created, aliened, mortgaged, assigned or may be otherwise affected in law or in equity." Here again, the legislature chose to use unrestrained terms regarding what interests the chapter controls. Because an easement is an interest, and because WIS. STAT. §§ 706.001 and 706.09(1)(k) speak in terms of "any interest," we see no escape from the conclusion that easements fall within the scope of § 706.09(1)(k).

II. COMPARISON WITH OTHER STATUTES

¶ 13. The Taylors first challenge this conclusion by claiming it would conflict with the statute of limitations for recorded easements and the conservation easement exemption from the recorded easement statute of limitations, and expands the mineral rights interest recording provisions. Although not advanced by the Taylors, it could also be contended that the legislature's action in amending WIS. STAT. § 893.33(6) subsequent to enacting WIS. STAT. § 706.09 requires a different conclusion. We consider this contention after the Taylors' claim that our conclusion conflicts with the statute of limitations for recorded easements. We are not persuaded by any of these arguments.

*A. The Statute of Limitations for Recorded Easements, WIS. STAT. § 893.33(6), Compared with WIS. STAT. § 706.09*

¶ 14. The Taylors first argue that because WIS. STAT. § 893.33(6) provides a forty-year period for commencing an action to enforce a recorded easement, it is contrary to the legislature's intent to conclude WIS. STAT. § 706.09(1)(k) applies to easements, given that such a conclusion effectively shortens the forty-year period of limitations by ten years. *We do not agree.*

639

Because § 706.09 and § 893.33 pertain to the same general subject matter, we must reconcile their language in a manner that gives each statute its full force and effect. *German*, 235 Wis. 2d 576, ¶ 11. Application of this rule reveals the statutes operate for two very different purposes.

¶ 15. WISCONSIN STAT. § 893.33(6) merely sets forth the time period for commencing an action to enforce a recorded easement. It is a statute of limitations that asserts the action "shall not be barred by this section" unless the following requirements are met. There must (1) be an interest in the form of an easement, (2) set forth in a recorded instrument, (3) that was recorded, or referenced in another recorded instrument, within the prior forty years. WIS. STAT. § 893.33(6). If the plaintiff meets these requirements, § 893.33(6) does nothing more than to say the plaintiff's action is not time-barred, or, stated differently, the plaintiff is entitled to sue on the claim.

¶ 16. In comparison, and as indicated, WIS. STAT. § 706.09 operates as a "title curative" statute that frees property of adverse claims and interests. *Schapiro*, 149 Wis. 2d at 185–86. Even though it contains time provisions, it is not, as the Taylors urge, a statute of limitations. Instead, it is similar to an affirmative defense in that it effectively relates to defending against a claim, thereby defeating an otherwise legitimate interest.[6] That is, for a bona fide purchaser without notice, the statute destroys interests that are adverse to or inconsistent with merchantable title, provided the

---

[6] We say "effectively" because we do not imply that it can only be used as a shield to defend against an action. It can also be used as a sword to defeat interests, which is exactly what was done in this case: the Turners filed an action pursuant to WIS. STAT. § 840.03 seeking a declaration of interests that their

other requisites of the statute are satisfied. *See* § 706.09(1) and (5); *see also Badger State Agri-Credit*, 122 Wis. 2d at 728–29.

¶ 17. With this being the case, it is apparent the statutes have very different purposes. On the one hand, Wis. Stat. § 893.33(6) establishes the time period to bring an action to enforce an easement. On the other hand, Wis. Stat. § 706.09 relates to defending against claims asserting rights to an interest in property. Given the limited import of § 893.33(6) and the thrust of § 706.09, our conclusion that § 706.09(1)(k) applies to easements does not conflict with § 893.33(6).

¶ 18. For similar reasons, our conclusion does not render Wis. Stat. § 893.33(6) meaningless. Wisconsin Stat. § 706.09 will not always extinguish easement interests because it operates under very limited and specific circumstances. Yet even if those circumstances are present and a bona fide purchaser raises § 706.09 to extinguish an easement and is ultimately successful, nothing in § 893.33(6) has been surrendered. Again, all § 893.33(6) does is to provide threshold requirements an action must clear. If the claim meets these requirements, it is dubbed timely. However, a timely filed claim under this section cannot, by itself, entitle the claimant to a judgment, for it is still subject to defenses. In this case, the defense is § 706.09.

¶ 19. This is no different from other instances where the legislature establishes a time limit to commence an action but still permits the action to be subject to certain defenses. For example, the legislature has established a three-year time limit to commence a

property was free from the easement, on the grounds that the easement was extinguished pursuant to Wis. Stat. § 706.09(1)(k).

negligence claim for injury to the person. WIS. STAT. § 893.54. However, the action is still subject to the defense of, for example, comparative negligence. *See* WIS. STAT. § 895.045(1). Hypothetically, if a plaintiff timely files an action for negligence, and the defendant raises comparative negligence as an affirmative defense, it would be of no avail for the plaintiff to assert that raising the comparative negligence statute somehow creates a conflict with the negligence statute of limitations. The same principle applies here. The negligence statute of limitations, like the recorded easement statute of limitations, does nothing more than provide the time during which an action must be commenced. Once commenced, though, the action is not immune from defenses, and if defenses are raised and eventually carry the day, there simply is no conflict generated with the particular statute of limitations. Accordingly, WIS. STAT. § 893.33(6) remains unimpaired.

### B. Amendment to WIS. STAT. § 893.33(6) Subsequent to the Enactment of WIS. STAT. § 706.09

¶ 20. While not advanced by the Taylors, an argument could be made that the legislature's action in shortening the time period to enforce a recorded easement from sixty to forty years subsequent to enacting WIS. STAT. § 706.09 implies the legislature never intended § 706.09(1)(k) to include easements. Section 706.09 became effective for qualified purchasers whose interest arose on or after July 1, 1968. WIS. STAT. § 706.09(6). The statute of limitations at that time for an action to enforce a recorded easement was sixty years. WIS. STAT. § 893.15(5) (1967).[7] Around the time § 706.09 was enacted, a commentator discussed and analyzed the effect of § 706.09, and § 706.09(1)(k) in

---

[7] WISCONSIN STAT. § 893.15(5) (1967) states:

particular, in light of the conflicts it potentially posed in relation to the then sixty-year statute of limitations for easements. The commentator noted that § 706.09(1)(k)

> is generally a restatement of section 893.15 [now 893.33] with the following minor changes. (1) The requirement of no affirmative notice is expressly added to the 30 year statute. . . . (2) The period for enforcing easements and restrictive covenants not of record is reduced from 60 to 30 years.
>
> The Wisconsin legislature, however, has unwisely retained section 893.15 in its entirety. The repeal or amendment of section 893.15 should be sought since the notice provisions are different. Retention of section 893.15 in its present form can only lead to uncertainty and litigation concerning the inconsistencies . . . .

Note, *Real Estate—Title Legislation—Merchantability of Title,* 1968 WIS. L. REV. 937, 941. The commentator concluded the discussion by recommending legislative action in regards to the easement statute of limitations to clear up any confusion that could arise:

> [T]his new legislation goes further than the legislation of any other state in paring down the time period for cutting off adverse claims not entered into the record. . . . To be entirely successful, however, section 893.15 should be amended or repealed to eliminate any conflicts with the new statute.

*Id.* at 946.

---

Actions to enforce easements, or covenants restricting the use of real estate set forth in any instrument of public record shall not be barred by this section for a period of 60 years after the date of recording such instrument, and the timely recording of instruments expressly referring to such easements or covenants or of notices pursuant to this section shall extend such time for 60–year periods from such recording.

¶ 21. The legislature did not follow this recommendation. In fact, in 1979, the legislature shortened the easement statute of limitations, but did not harmonize it with WIS. STAT. § 706.09(1)(k). Instead, the legislature simply reduced the statute of limitations for recorded easements from sixty years to forty years. *See* WIS. STAT. § 893.33(6) (1979–80).[8] The legislature is presumed to know the law when it enacts legislation. *Spence v. Cooke,* 222 Wis. 2d 530, 537, 587 N.W.2d 904 (Ct. App. 1998). Because the legislature simply reduced the statute of limitations for easements, and did not, as the commentator suggested, correlate it with § 706.09(1)(k), arguably the legislature never intended § 706.09(1)(k) to apply to easements.

¶ 22. However, this argument succumbs to the same flaw as the Taylors' earlier contention. Again, a statute of limitations does nothing more than establish the requirements a claim must pass in order to be dubbed timely, yet a timely filed claim cannot guarantee the claimant will prevail on the merits. The claim is still susceptible to defenses. That being so, while the legislature has shortened the time period in which an easement holder can sue to enforce his or her interest, this action does not affect the conclusion that

---

[8] WISCONSIN STAT. § 893.33(6) (1979–80) states:

> Actions to enforce easements, or covenants restricting the use of real estate, set forth in any recorded instrument shall not be barred by this section for a period of 40 years after the date of recording such instrument, and the timely recording of an instrument expressly referring to the easement or covenants or of notices pursuant to this section shall extend such time for 40-year periods from the recording.

§ 706.09(1)(k) includes easements. Instead, it merely affects the time in which an easement holder can bring an action.

*C. The Conservation Easement Exemption From*
*WIS. STAT. § 893.33(6)*

¶ 23. The Taylors next claim that applying WIS. STAT. § 706.09(1)(k) to easements could subvert the conservation easement's exemption from the recording requirement. WISCONSIN STAT. § 893.33(6m) does provide that the forty-year period to enforce an easement "does not apply to any interest in a conservation easement." The Taylors suggest this excludes conservation easements from the re-recording requirements of § 893.33. To hold § 706.09(1)(k) includes easements would require, they argue, conservation easements to be re-recorded every thirty years to prevent their extinguishment. They conclude that imposing this requirement on the conservation easement holder is contrary to the legislature's intent as captured in § 893.33(6m).

¶ 24. Assuming the Taylors' interpretation that WIS. STAT. § 893.33(6m) excludes conservation easements from re-recording is correct, their argument is undercut by the conservation easement statute, WIS. STAT. § 700.40. While the legislature did provide that a conservation easement is "unlimited in duration unless the conservation easement otherwise provides," WIS. STAT. § 700.40(2)(c), it nonetheless limited the endurance of these easements by § 700.40(3)(b). *See* WIS. STAT. § 700.40(2)(c). Section 700.40(3)(b) allows a conservation easement to be modified or terminated "in accordance with any principle of law or equity." Our conclusion that WIS. STAT. § 706.09(1)(k) includes easements is a principle of law that could terminate a

conservation easement. In light of § 700.40(3)(b), this would not be contrary to § 893.33(6m).

### D. *The Mineral Rights Interest Lapse Provision,* WIS. STAT. § 706.057(3)

¶ 25. The Taylors further contend that applying WIS. STAT. § 706.09(1)(k) to easements would somehow extend a mineral rights interest under WIS. STAT. § 706.057(3). Section 706.057(3) provides that "an interest in minerals lapses if the interest in minerals was not used during the previous 20 years." The lapse may be cured by recording the interest in conformity with § 706.057(4). *See* WIS. STAT. § 706.057(3) and (5). The Taylors suggest our holding extends the lapse period from twenty years to thirty years. We are not persuaded. Their argument is conclusory and does not advance any reasons why this would occur in light of our conclusion that § 706.09(1)(k) applies to easements.

### III. ABSTRACTING STANDARDS

¶ 26. The Taylors' final argument is that applying WIS. STAT. § 706.09(1)(k) to easements conflicts with the State Bar of Wisconsin's Abstracting Standards. They observe that the standards require including easements recorded within the prior sixty years in a title abstract. The standard states in relevant part:

### Items Always Shown

The following must always be shown:

. . . .

(6) Easements or covenants restricting the use of real estate recorded within 60 years prior to the date to

which the abstract is last continued; if an instrument or notice recorded within the last 60 years expressly refers to an easement or covenant recorded more than 60 years prior to the date the abstract is last continued, such easement or covenant shall be known.

JAMES J. VANCE, TITLES TO REAL ESTATE ch. 6 (1998 rev. ed.) (reprinting STATE BAR OF WISCONSIN ABSTRACTING STANDARDS, ch. 6 (1979)). The circuit court found this obligation to be persuasive. It noted there would be no reason for the standards to adopt a sixty-year period for investigating easements if WIS. STAT. § 706.09, which extinguishes interests after thirty years, applied to easements.

¶ 27. However, the preface to the "Items Always Shown" section reveals the State Bar was conscious of the problems WIS. STAT. § 706.09 potentially presented to those preparing abstracts. The preface states:

> Whenever the abstractor is uncertain of the law or whether or not there is a defect of any sort in the title, whether the question arises under WIS. STAT. § 706.09 or otherwise, the abstractor shall abstract the defect, it being the responsibility of the attorney and not the abstractor to decide all questions of law.

VANCE, *supra*. The passage recognizes that the abstractor will not be able to determine whether a prospective purchaser passes all the elements of § 706.09 by simply looking at a recording index. As such, "the State Bar Abstracting Standards do not rely upon section 706.09 to tell the abstractor that he or she need not show certain things in the abstract." VANCE, *supra*, § 8.05. The standards require abstractors to err on the side of caution and show any easements that appear of record as far back as sixty years. *See id.* This prudential measure serves to avoid potential liability for abstrac-

tors. Thus, when considered in its proper context, the standard does not support the conclusion that § 706.09 was never intended to include easements.

## IV. Conclusion

¶ 28. We acknowledge that our holding may have the effect of extinguishing a legitimate interest. However, Wis. Stat. § 706.09 was built on a theory that allowed for this possibility. One of the architects of § 706.09 explained it was constructed on the following assumption:

> [W]hen the most recent notice of a claim or interest is allowed to become 30 years old, a strong practical suspicion or inference arises that such claim or interest has probably been extinguished by some conveyance, transaction, or event not appearing—or not satisfactorily or completely appearing—of record.

Ray J. Aiken, *Commentary on Proposed Title Legislation*, Wis. Bar Bull. 49, 50 (April 1963). On this assumption, the effect of § 706.09 was to create "a conclusive presumption that evidence tending to amplify, clarify or correct the record . . . would, if actually provided, negative the existence of any defect in the actual title of the current grantor where the existence of such defect does not appear affirmatively and expressly of record" within the provided time frames. *Id.* at 53. Aiken was aware that this assumption was not perfect and that crafting § 706.09 in light of it could result in the destruction of legitimate interests. However, he observed that the legal safeguards of notice and the substantial time periods built into § 706.09 "reduce the gamble of the assumption to completely microscopic proportions." *Id.* at 52. This may be one of those microscopic cases.

¶ 29. Applying our holding, it is undisputed the easement was last recorded or referenced in the 1959 deed for the East Taylor Parcel and that the Turners' interest in their property arose in 1994, a difference of thirty-five years. This is outside of WIS. STAT. § 706.09(1)(k)'s thirty-year time period. However, we remand the matter for a fact-finding hearing to determine if the Turners otherwise had affirmative or express notice of the easement.[9] *See* WIS. STAT. § 706.09(2).[10] If not, the easement is extinguished.

*By the Court.*—Judgment reversed and cause remanded with directions.

---

[9] Because the circuit court concluded WIS. STAT. § 706.09(1)(k) did not apply to easements, it did not address the Taylors' contention that the Turners otherwise had notice of the easement because it was being used openly, notoriously, and continuously. Thus, we do not have any findings of fact in this regard.

[10] WISCONSIN STAT. § 706.09(2) states in part:

(2) NOTICE OF PRIOR CLAIM. A purchaser has notice of a prior outstanding claim or interest, within the meaning of this section wherever, at the time such purchaser's interest arises in law or equity:

(a) *Affirmative notice.* Such purchaser has affirmative notice apart from the record of the existence of such prior outstanding claim, including notice, actual or constructive, arising from use or occupancy of the real estate by any person at the time such purchaser's interest therein arises, whether or not such use or occupancy is exclusive; but no constructive notice shall be deemed to arise from use or occupancy unless due and diligent inquiry of persons using or occupying such real estate would, under the circumstances, reasonably have disclosed such prior outstanding interest; nor unless such use or occupancy is actual, visible, open and notorious.