COURT OF APPEALS
DECISION
DATED AND FILED

March 16, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1619**

STATE OF WISCONSIN

Cir. Ct. No. 2018CV149

IN COURT OF APPEALS
DISTRICT III

---

VALERIE KENNEDY,

 PLAINTIFF-APPELLANT,

 V.

RIPCO CREDIT UNION,

 DEFENDANT-RESPONDENT.

---

 APPEAL from a judgment of the circuit court for Oneida County: PATRICK F. O'MELIA, Judge. *Affirmed.*

 Before Stark, P.J., Hruz and Seidl, JJ.

 **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

 ¶1 PER CURIAM. Valerie Kennedy appeals a summary judgment dismissing her complaint against Ripco Credit Union. Kennedy argues that the

circuit court erred by rejecting her breach of contract claim and her claims under the Wisconsin Consumer Act ("WCA"), WIS. STAT. chs. 421-427 (2019-20).[1]  For the reasons discussed below, we affirm the judgment.

## BACKGROUND

¶2      The underlying case stems from a 2013 small claims action in which Ripco alleged Kennedy defaulted on two loans that were secured by three vehicles.  Although Kennedy was in default on her loans in an amount of nearly $13,000, Ripco advanced a claim for a $10,000 money judgment plus costs—the maximum amount generally allowed under the small claims statute for civil claims—and a claim for replevin of the vehicles.  On August 21, 2013, the circuit court granted Ripco a default replevin judgment, and a default money judgment against Kennedy in the amount of $10,190.85.

¶3      On December 15, 2014, the loan collateral was repossessed. Kennedy's complaint in this matter alleged that proceeds from the sale of collateral, totaling $2,925, were applied to reduce her total loan balance due.  The complaint further claimed that as of the February 28, 2015 account statements, the total amount remaining due for the loans was $5,913.10.  There is no evidence in the record of any subsequent payment on Kennedy's loan balance.

¶4      On March 2, 2015, Kennedy moved to vacate the default judgments based upon her claim that the service of process for the 2013 small claims summons and complaint was improper, thus rendering the judgments void.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Kennedy also claimed that Ripco violated the WCA by taking possession of the collateral through non-judicial recovery without a valid judgment, and by failing to comply with the notice requirements of WIS. STAT. § 425.205(1g)(a). She asserted that once the judgment was vacated, she would be in a position to seek penalties for the WCA violations. The circuit court denied the motion to vacate and, on appeal, we affirmed. *Ripco Credit Union v. Kennedy*, No. 2015AP1280, unpublished slip op. ¶2 (WI App Feb. 23, 2016).

¶5 In January 2018, Kennedy filed a WIS. STAT. § 806.07(1)(g) motion for relief from the judgment, seeking to vacate the $10,000 default money judgment. Kennedy argued that the simultaneous entries of a replevin judgment and a money judgment were improper because there could not be a money judgment without first selling the collateral to establish a deficiency. The circuit court denied Kennedy's motion and her subsequent motion for reconsideration. Kennedy did not appeal.

¶6 In June 2018, Kennedy filed the present lawsuit. Count I of her complaint alleged a breach of contract based upon the underlying loan agreements at issue in the 2013 small claims action. Kennedy also alleged multiple claims under the WCA. The circuit court granted Ripco's summary judgment motion and dismissed all of Kennedy's claims. It rejected the merits of her breach of contract claim, and further determined that her remaining allegations were claim precluded. This appeal follows.

**DISCUSSION**

¶7 This court reviews summary judgment decisions independently, applying the same standards as the circuit court. *Smith v. Dodgeville Mut. Ins. Co.*, 212 Wis. 2d 226, 232, 568 N.W.2d 31 (Ct. App. 1997). Summary judgment

is granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. ***Green Spring Farms v. Kersten***, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987); *see also* WIS. STAT. § 802.08(2).

¶8 Kennedy first argues that the circuit court erred in dismissing Count I of her complaint alleging that Ripco breached the loan agreements by failing to apply proceeds from the sale of the collateral to the amounts owed on both loans. As the court noted, Kennedy admitted that the collateral sale proceeds had been applied to her loan balances. Nonetheless, it appears, that Kennedy conflates her Ripco loan balances with Ripco's default money judgment and, based on that confusion, Kennedy asserts that Ripco breached the loan agreement contracts by failing to apply the collateral proceeds to the default judgment.

¶9 We note that in making this argument, Kennedy refers to the default money judgment as a deficiency judgment. This is not correct. At the time of the entry of the original judgment, Ripco sought and obtained a replevin judgment and a default money judgment. The latter is defined as "[a] judgment entered against a defendant who has failed to plead or otherwise defend against the plaintiff's claim." *Default judgment*, BLACK'S LAW DICTIONARY (11th ed. 2019). Ripco's default judgment is therefore separate and distinct from Kennedy's current loan balance, and nothing in the loan agreements required Ripco to satisfy the default money judgment from the sale of collateral. Because the collateral proceeds were applied to the loan balances, as required under the agreement, Kennedy fails to

establish a breach of contract and the circuit court properly dismissed her breach of contract claim.[2]

¶10    Kennedy further argues that the circuit court erred in dismissing her WCA claims contained in Counts II to VIII of her complaint.  As to Count II, Kennedy claimed that pursuant to WIS. STAT. § 425.210 she is entitled to a "declaratory" judgment determining the fair market value of the loan collateral sold.  Count III alleged that Ripco violated WIS. STAT. § 427.104(1)(j), which prohibits a creditor from claiming, attempting or threatening to enforce a right with knowledge or reason to know that the right does not exist.  The basis for this claim is Kennedy's assertion that Ripco's small claims complaint violated various pleading requirements of the WCA.  In addition, Kennedy argues that Ripco violated other WCA provisions that required it to first obtain a replevin judgment, then apply any collateral proceeds to the loan balance, and then obtain a money judgment for any deficiency.

¶11    The remainder of the claims in Counts IV through VIII of Kennedy's complaint further alleged that the fair value of the collateral, rather than the actual proceeds, should determine the amount of the deficiency judgment.  Based on these asserted errors, Kennedy claimed that the amount she actually owes Ripco was inaccurately reported to credit agencies, and that she is entitled to a setoff, revision of the judgment, statutory damages, and attorney's fees. The circuit court found the doctrine of claim preclusion applied to bar Kennedy's claims.  We agree.

---

[2] We note, however, that our holding does not authorize or endorse a double recovery to Ripco.  Under the loan agreements, Ripco cannot collect more than the balances due under the loans less the collateral sale proceeds.

¶12 Under the doctrine of claim preclusion, "a final judgment is conclusive in all subsequent actions between the same parties [or their privies] as to all matters which were litigated *or which might have been litigated in the former proceedings*." *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723 (1995) (citations omitted; emphasis added). In order for earlier proceedings to act as a claim-preclusive bar, the following factors must be present: (1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and (3) a final judgment on the merits in a court of competent jurisdiction. *Id.* at 551. Whether claim preclusion applies under a given factual scenario is a question of law that this court reviews de novo. *Id.*

¶13 This and Kennedy's two prior lawsuits all involve the same two parties—Kennedy and Ripco—and the default judgments were final judgments on their merits in a court of competent jurisdiction. With respect to determining whether there exists an identity between the causes of action in this and prior lawsuits, Wisconsin has adopted a transactional approach in which "all claims arising out of one transaction or factual situation are treated as being part of a single cause of action, and they are required to be litigated together." *Parks v. City of Madison*, 171 Wis. 2d 730, 735, 492 N.W.2d 365 (Ct. App. 1992). Thus, "if both suits arise from the same transaction, incident or factual situation, [claim preclusion] generally will bar the second suit." *Northern States Power*, 189 Wis. 2d at 554 (citations omitted).

¶14 Kennedy's claims in the present lawsuit arise out of the same transaction as those in the small claims lawsuit—i.e., the loan agreements between Kennedy and Ripco, her default under those loans, and Ripco's judgments therefrom. Kennedy questions the circuit court's authority to enter a default

6

money judgment and default replevin judgment in the same small claims action upon the loans at issue. This challenge to the default judgments could have been raised had Kennedy appeared in the small claims action. Kennedy likewise could have raised her derivative WCA claims in her two subsequent motions for relief from and to vacate the default judgments, but she did not. Therefore, her claims are precluded, and the court properly granted summary judgment in favor of Ripco.[3]

*By the Court*.—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] Because we conclude that Kennedy's WCA claims are precluded, we need not address Ripco's alternative argument that the WCA claims were barred by the statute of limitations, despite its merit. *See* **Turner v. Taylor**, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (appellate courts need not address every issue raised by the parties when one is dispositive).