COURT OF APPEALS
DECISION
DATED AND FILED

June 8, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP934**

Cir. Ct. No. **2018CV900**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

THOMAS W. FLIESS, JR.,

   PLAINTIFF-RESPONDENT,

 V.

DRAGUTIN VICENTIC, STOJNA VICENTIC AND JEROSIMA RACKOVIC,

   DEFENDANTS-APPELLANTS.

---

APPEAL from a judgment of the circuit court for Racine County: JON E. FREDRICKSON, Judge. *Reversed*.

Before Gundrum, P.J., Grogan and Kornblum, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Dragutin Vicentic, Stonjna Vicentic, and Jerosima Rackovic (collectively, "Vicentic") appeal a money judgment entered in favor of Thomas W. Fliess, Jr. ("Fliess"), on his breach of contract claim.[1]  Vicentic argues the circuit court erroneously granted partial summary judgment and ordered specific performance, leaving damages as the only matter to be litigated.  We conclude that the parties' evidentiary submissions were sufficient to create a genuine issue of material fact regarding whether Vicentic breached the real estate purchase contract.  Accordingly, we reverse.

## BACKGROUND

¶2    This appeal relates to the attempted sale of vacant farmland in Racine County.  On November 25, 2017, Fliess submitted a purchase offer to Vicentic, which was accepted.  The closing was set to occur on February 28, 2018.  It is undisputed the closing did not occur, and the parties fault one another for the failure of the transaction.  In March 2018, Fliess filed this action seeking specific performance of the purchase contract.  Fliess essentially alleged that Vicentic had intentionally scuttled the transaction because there was a higher offer for the property—an allegation Vicentic denied.

¶3    Fliess filed a motion for specific performance and damages, which the circuit court construed as a motion for summary judgment.  The parties submitted affidavits and other evidentiary materials, and the court held a hearing.  Following arguments, the court determined that the "facts giving rise to the

---

[1] The parties use party designations throughout their briefs. We remind counsel that the Rules of Appellate Procedure require reference to parties by name.  *See* WIS. STAT. RULE 809.19(1)(i), (3)(a)2. (2019-20).  All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

controversy in large part are not in dispute, and those facts that are claimed to be in dispute the Court believes … in analyzing the affidavits and reasonable inferences therefrom, are not material to the issue of specific performance."

¶4      The circuit court viewed the facts as establishing that the "sellers did zero" to close the transaction, and it concluded "the most reasonable explanation [for the failure to close] is that they regretted entering into it and that they believed they could get more money for the property somewhere else." Accordingly, it granted Fliess specific performance, ordered that the transaction was to close within thirty days, and set the matter for further proceedings on the issue of damages.[2]

¶5      No transfer took place within the designated time period, and the circuit court ultimately ordered that the real property be judicially transferred to Fliess. Fliess represents that he took possession of the real property and has been farming it since 2018. The issue of damages remained outstanding, and in April 2021, the parties reached a stipulated judgment through mediation so as to allow Vicentic to pursue an appeal.

## DISCUSSION

¶6      We review a grant of summary judgment de novo, using the same well-established methodology as the circuit court. *Yahnke v. Carson*, 2000 WI 74, ¶10, 236 Wis. 2d 257, 613 N.W.2d 102. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

---

[2] Vicentic petitioned this court for leave to appeal a nonfinal order, which we denied.

material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). The purpose of summary judgment is to determine the existence of genuine factual disputes in order to avoid trials where there is nothing to try. *Yahnke*, 236 Wis. 2d 257, ¶10.

¶7      The decision to grant or deny the equitable remedy of specific performance lies within the circuit court's discretion.[3] *Ash Park, LLC v. Alexander & Bishop, Ltd.*, 2010 WI 44, ¶32, 324 Wis. 2d 703, 783 N.W.2d 294. A grant of specific performance is generally predicated upon the existence of a substantial contractual breach. *Beidel v. Sideline Software, Inc.*, 2013 WI 56, ¶¶26-27, 348 Wis. 2d 360, 842 N.W.2d 240. As a result, we review the summary judgment record to determine if there is any genuine dispute of material fact regarding Vicentic's alleged breach of contract. In doing so, we draw all reasonable inferences from the evidence in the light most favorable to the nonmoving party. *See Burbank Grease Servs., LLC v. Sokolowski*, 2006 WI 103, ¶40, 294 Wis. 2d 274, 717 N.W.2d 781.

¶8      Here, we conclude the evidence viewed in the light most favorable to Vicentic is sufficient to create a triable issue regarding breach. Per the terms of the WB-13 Vacant Land Offer to Purchase, the transaction was to close no later than February 28, 2018.[4] It is undisputed that did not occur, and the circuit court's

---

[3] Nonetheless, our review of the circuit court's summary judgment decision in this case is de novo. If the circuit court improperly granted summary judgment, it erroneously exercised its discretion in ordering specific performance because that relief was based on an error of law. *See King v. King*, 224 Wis. 2d 235, 248, 590 N.W.2d 480 (1999) (holding an erroneous exercise of discretion occurs when the court makes an error of law or neglects to base its decision upon facts in the record).

[4] The contract specified that time was of the essence as to the closing date, making the failure to perform by that deadline a breach of contract.

view was that the facts gave rise to no other inference than that Vicentic did not want to close because he had received a higher offer for the property.

¶9 To the contrary, the evidentiary submissions were sufficient to create a genuine issue of material fact regarding the cause of the transaction not closing. It is undisputed that attorney Michael Bannon, who represented Fliess in the transaction, identified an issue affecting the title—a scrivener's error in a past deed affecting the property's legal description. According to Bannon's affidavit—which was submitted in support of Fliess's summary judgment motion—on the day of the closing, a separate instrument was prepared to correct the scrivener's error. And Bannon's affidavit chronicles the various contacts he attempted on February 28, 2018, to inform the sellers that the title issue had been resolved and the closing could proceed.

¶10 The affidavit of Dragan Vicentic, the sellers' agent, contains additional averments from which a trier of fact could reasonably conclude that Vicentic did not breach the contract. Dragan averred that on February 28, 2018, Bannon called him at his office in Arkansas and informed him that Fliess could not close the transaction because of the title defect. Bannon then followed up with another phone call and an email that morning with a proposed amendment to the contract containing a new closing date. Dragan averred that he told Bannon the sellers would not agree to an amendment and that no amendment was ever signed.

¶11 Bannon's affidavit included as an exhibit an email sent at 2:19 p.m. on February 28, 2018, advising Dragan that the title issue had been resolved and the closing could proceed. That email was sent to the address "dragan@att.net." Dragan, however, averred that the only email address he used was

"draganv@att.net"—which was the email address identified for him on the WB-13 form.

¶12    As a result, Dragan asserted that he never received Bannon's 2:19 p.m. email, or any email after Bannon informed him that the transaction could not close on February 28, 2018, and that an extension was necessary. Bannon's misdirected email, too, acknowledged that his other efforts to contact Dragan on the afternoon of February 28 were unsuccessful. Additionally, Dragan averred that his cell phone number does not have voicemail set up, and though his business phone has voicemail, there were no messages left for him on February 28, 2018.

¶13    The circuit court essentially disregarded this evidentiary material, concluding it did not create a *genuine* issue of material fact because the other evidence suggested Vicentic did not intend to close the transaction. But a factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Physicians Plus Ins. Corp. v. Midwest Mut. Ins. Co.*, 2002 WI 80, ¶18, 254 Wis. 2d 77, 646 N.W.2d 777 (citation omitted). Vicentic's evidentiary submissions were minimally sufficient such that a fact finder could reasonably conclude that the closing did not occur because Bannon informed Vicentic that the title issue necessitated postponement, and Dragan did not receive Bannon's subsequent communications attempting to alert him that the title issue had been resolved and that the closing could proceed.

¶14    We emphasize that the role of a court in applying the summary judgment methodology is not to ponder the most plausible scenario suggested by the facts. We certainly express no opinion regarding whether a fact finder would ultimately accept the averments made in Dragan's affidavit. "While it may be that

6

a particular witness turns out to be an unbelievable witness, it is not appropriate to weigh witness credibility on a motion for summary judgment." *Pum v. Wisconsin Physicians Serv. Ins. Corp.*, 2007 WI App 10, ¶16, 298 Wis. 2d 497, 727 N.W.2d 346. Considering the facts, and reasonable inferences from those facts, in the light most favorable to Vicentic, we conclude there is a genuine issue of material fact regarding whether Vicentic breached the contract that requires resolution by a fact finder.[5]

> *By the Court.*—Judgment reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[5] Having concluded that there is a factual issue regarding Vicentic's alleged breach, we need not address Vicentic's other arguments regarding Fliess's alleged failure to provide the documents necessary for closing or to have funds available to close. *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (observing that a court need not address all issues raised by the parties if one is dispositive).