COURT OF APPEALS
DECISION
DATED AND FILED

July 29, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2024AP1281**

STATE OF WISCONSIN

Cir. Ct. No.  2023CV1376

IN COURT OF APPEALS
DISTRICT III

BCG EQUITIES, LLC,

   PLAINTIFF-RESPONDENT-CROSS-APPELLANT,

V.

KIMBERLY BURTON,

   DEFENDANT-APPELLANT-CROSS-RESPONDENT.

APPEAL and CROSS-APPEAL from an order of the circuit court for Brown County: TIMOTHY A. HINKFUSS, Judge.  *Affirmed*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Kimberly Burton appeals, and BCG Equities, LLC, cross-appeals, from the circuit court's order granting BCG's motion to dismiss

Burton's counterclaims. In a companion case, which we released on July 22, 2025, we answered the same three questions brought before us in this case. *Plaza Services LLC v. Burton*, No. 2024AP1129, slip op. recommended for publication (WI App July 22, 2025). Accordingly, we apply our holding in *Plaza Services* to the facts in this case, and we conclude that the circuit court properly granted BCG's motion to dismiss Burton's counterclaims. We affirm.

## BACKGROUND

¶2 On September 27, 2023, BCG commenced a small claims action against Burton.[1] BCG sought to recover a defaulted consumer debt in the amount of $1,917.41. Burton responded with an answer and a three-count counterclaim alleging violations of the Wisconsin Consumer Act (the WCA) and the federal Fair Debt Collection Practices Act (the FDCPA).

¶3 On November 6, 2023, BCG filed a motion to dismiss its complaint with prejudice, and the circuit court granted BCG's motion. Thereafter, BCG also filed a motion to dismiss Burton's counterclaims. Burton objected.

¶4 On the same date that Burton filed her brief objecting to dismissal of her counterclaims, she filed an amended answer and counterclaims. Burton alleged the following: (1) a cause of action under WIS. STAT. § 427.104(1)(k) (2023-24)[2] based on her allegation that BCG's demand letter and complaint were not subjected to "meaningful involvement" by an attorney; (2) BCG's small claims complaint did not comply with the pleading requirements under WIS. STAT.

---

[1] BCG was the assignee of Burton's previous creditor.

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

§ 425.109, and BCG's failure to comply with the pleading requirements was done willfully and intentionally; and (3) BCG violated the FDCPA by misrepresenting the legal status of the debt when it failed to provide Burton with notice of right to cure under WIS. STAT. §§ 425.104 and 425.105 and when it failed to provide a notice of assignment prior to filing the lawsuit.

¶5      BCG filed a motion to dismiss Burton's amended counterclaims, arguing that the counterclaims failed to state a claim upon which relief could be granted.  The circuit court held a nonevidentiary hearing, where it issued an oral ruling granting BCG's motion to dismiss.  On Burton's first counterclaim, the court noted that it was agreeing with the circuit court's decision in *Plaza Services* and that it would not extend "the doctrine of meaningful involvement to the [S]tate of Wisconsin."  The court found it "important" that BCG's counsel signed his name to the complaint.  The court was also not persuaded by Burton's argument that BCG's counsel's voluminous caseload kept him from performing a meaningful review of the filings in this case.  According to the court: "[T]he legal system handles a lot.  [BCG's counsel] obviously handles a lot.  I compare what [BCG's counsel] did to what I do, it's very similar."  As a result, the court found meaningful involvement by BCG's counsel.

¶6      The circuit court determined that Burton's second counterclaim failed because *Security Finance v. Kirsch*, 2019 WI 42, 386 Wis. 2d 388, 926 N.W.2d 167, dictates that "the proper remedy [for a violation of WIS. STAT. § 425.109] is dismissal of the action without prejudice."  Likewise, the court concluded that Burton's claims, predicated on alleged violations of the FDCPA, also failed under *Kirsch*.  *See Kirsch*, 386 Wis. 2d 388, ¶22.  It observed that "the

FDCPA is not the appropriate vehicle for correcting a state court pleading or service issue."[3]

¶7 The circuit court entered a written order, memorializing its oral ruling. Burton appeals, and BCG cross-appeals.[4]

## DISCUSSION

¶8 The questions before us in this case mirror the issues brought before us by Burton in *Plaza Services*. The questions include (1) whether a consumer can sue under WIS. STAT. § 427.104(1)(k) of the WCA when an attorney is allegedly not meaningfully involved in the preparation of a communication to the consumer; (2) whether a consumer has a WIS. STAT. ch. 427 remedy when a merchant intentionally or willfully files a complaint that does not comply with WIS. STAT. § 425.109; and (3) whether Burton stated a claim for a violation of the

---

[3] BCG also challenged Burton's counterclaims by arguing that it was not a "creditor" under the WCA. On that question, the circuit court concluded that BCG "is considered a creditor."

[4] On cross-appeal, BCG challenges Burton's assertions under WIS. STAT. ch. 425 by arguing "that dismissal should have been upheld because BCG is not a creditor under [ch.] 425, … which limits the provisions to 'actions or other proceedings brought by a *creditor*.'" *See* WIS. STAT. § 425.102. According to BCG, it "is not a creditor as defined by the WCA" because it is "a debt purchaser" and "does not regularly engage in any of the three activities that would make it a 'creditor.'" *See* WIS. STAT. § 421.301(16); *Rsidue, L.L.C. v. Michaud*, 2006 WI App 164, ¶7, 295 Wis. 2d 585, 721 N.W.2d 718.

As we determined in *Plaza Services LLC v. Burton*, No. 2024AP1129, slip op. recommended for publication, ¶2 n.2 (WI App July 22, 2025), BCG's cross-appeal is not a true cross-appeal but, rather, is an alternative basis for us to affirm the circuit court's dismissal of Burton's WIS. STAT. ch. 425 counterclaims in this case. Accordingly, we conclude that it is not necessary to resolve the question of whether BCG is a creditor pursuant to the WCA. *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (noting that we need not address all issues when the resolution of one of those issues is dispositive); *State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground."). We will not address BCG's cross-appeal further.

FDCPA by alleging that BCG filed this lawsuit before providing her notice of right to cure and/or a notice of assignment. *See Plaza Services*, No. 2024AP1129, ¶¶4-6. Based on our holding in *Plaza Services* and our supreme court's *Kirsch* decision, we reject each of Burton's arguments and affirm the circuit court's order.

¶9 Burton argues that the circuit court erred by granting BCG's motion to dismiss her counterclaims. Whether a complaint or a counterclaim "states a claim upon which relief can be granted is a question of law for our independent review; however, we benefit from discussions of the … circuit court." *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693. When reviewing a motion to dismiss, we accept all factual allegations in the complaint or counterclaim as true. *Id.*, ¶18. However, "legal conclusions stated in the complaint [or counterclaim] are not accepted as true, and they are insufficient to enable a complaint [or counterclaim] to withstand a motion to dismiss." *Id.*, ¶19. Likewise, "[t]he interpretation and application of a statute present questions of law that this court reviews de novo while benefitting from" the circuit court's analysis. *State v. Alger*, 2015 WI 3, ¶21, 360 Wis. 2d 193, 858 N.W.2d 346.

¶10 Burton's first counterclaim against BCG alleges that it violated the WCA because its counsel was not meaningfully involved "in the decision to send her demand letters and file suit against her." According to Burton, WIS. STAT. § 427.104(1)(k),[5] "like its federal counterpart, requires attorneys [to] be

---

[5] WISCONSIN STAT. § 427.104(1)(k) states that a debt collector may not "[u]se a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency or attorney-at-law when it is not."

'meaningfully involved['] in their files." (Formatting altered.) Although Burton admits that "[n]o Wisconsin [c]ourt has ever interpreted [§] 427.104(1)(k)," she asserts that that the WCA is to be interpreted the same as the FDCPA, which prohibits, as relevant here, "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

¶11     In *Plaza Services*, we rejected Burton's claim that WIS. STAT. § 427.104(1)(k) contains a meaningful involvement requirement. *Plaza Services*, No. 2024AP1129, ¶¶23-25. Based on the plain language of the statute and the ordinary meaning of the words, we explained that "[t]he meaningful involvement requirement found in 15 U.S.C. § 1692e simply cannot likewise be read into [§] 427.104(1)(k) because the language of the FDCPA and the WCA are not the same." *Plaza Services*, No. 2024AP1129, ¶23. We refused to infer language suggesting a meaningful involvement requirement that our legislature did not see fit to write. *Id.*, ¶¶24-25.

¶25     Here, like the creditor's counsel in *Plaza Services*, it is undisputed that BCG's counsel is an attorney and that he signed the complaint against Burton. *See id.*, ¶26. Therefore, Burton fails to state a claim that an attorney did not "authorize" the communications at issue within the meaning of WIS. STAT. § 427.104(1)(k).

¶26     Burton's next counterclaim alleges that "[c]onsumers have a claim for damages if a [creditor] intentionally fails to comply with the [WCA's] pleading requirements." (Formatting altered.) In particular, Burton argues that "BCG violated [WIS. STAT. §] 425.109 by not including the 'figures necessary' to compute the amount owed, and the specification of facts constituting the default;

Burton alleges that this entitles her to a claim for damages under [WIS. STAT. ch.] 427." According to Burton, "BCG frequently files collection lawsuits in Wisconsin and has experienced collection counsel in Wisconsin, and … BCG knows or should know about the [WCA] and its requirements for collection of consumer debts in Wisconsin." Accordingly, she contends that BCG "intentionally and willfully failed to comply with the pleading requirements."

¶12 We also addressed this question in *Plaza Services*. We concluded that, pursuant to our supreme court's interpretation in *Kirsch*, WIS. STAT. § 425.109(4) specifically provides "that failure to comply with pleading requirements is not a violation of [WIS. STAT.] chs. 421 to 427." *See Plaza Services*, No. 2024AP1129, ¶¶30-31 (alteration in original); *Kirsch*, 386 Wis. 2d 388, ¶19 n.8. The *Kirsch* court explained, however, "that attorney fees under [WIS. STAT. §] 425.308 may be awarded if the debtor 'establishes by a preponderance of the evidence that the failure to comply was willful or intentional.'" *Plaza Services*, No. 2024AP1129, ¶31 (alteration in original; citation omitted); *Kirsch*, 386 Wis. 2d 388, ¶19 n.8.[6]

¶13 We determined that Burton's allegations in her counterclaims did not sufficiently plead that Plaza Services willfully or intentionally failed to comply with the pleading requirements in WIS. STAT. § 425.109(1) because her assertion—that Plaza Services was a serial filer and should have known the law— was insufficient, by itself, to support a reasonable inference that Plaza Services

---

[6] See the discussion in *Plaza Services* regarding the application of the decision in *Security Finance v. Kirsch*, 2019 WI 42, 386 Wis. 2d 388, 926 N.W.2d 167. *Plaza Services*, No. 2024AP1129, ¶31 n.8.

willfully or intentionally failed to comply with the WCA pleading requirements. *Plaza Services*, No. 2024AP1129, ¶¶32-33.

¶14 In this case, as noted above, Burton makes the same counterclaim against BCG that she did in *Plaza Services*. Namely, she alleges that BCG "intentionally and willfully failed to comply with the pleading requirements" because "BCG frequently files collection lawsuits in Wisconsin and has experienced collection counsel in Wisconsin, and … BCG knows or should know about the [WCA]." Based on our decision in *Plaza Services*, we conclude that Burton's allegations in her counterclaim do not sufficiently plead that BCG willfully or intentionally failed to comply with the pleading requirements in WIS. STAT. § 425.109(1).

¶15 Further, pursuant to *Kirsch*, the proper remedy for a failure to comply with the pleading requirements in the WCA is for the complaint to be dismissed without prejudice or for the plaintiff to be permitted to file an amended complaint. *See Plaza Services*, No. 2024AP1129, ¶34; *Kirsch*, 386 Wis. 2d 388, ¶¶10, 16. Given that BCG has already voluntarily dismissed its complaint with prejudice, Burton received a proper result here. Burton is not entitled to damages or attorney fees.

¶16 Burton's final counterclaim "alleges that BCG violated the FDCPA by misrepresenting the legal status of the debt and engaging in harassing, abusive, unfair or unconscionable conduct when it filed suit on an accelerated debt without first ensuring that Burton got a notice of right to cure default" and by "demanding payment when Burton had the right to go on paying the original creditor until she received a notice of assignment." As we explained in *Plaza Services*, this question had already been addressed in *Kirsch*. *See Plaza Services*,

No. 2024AP1129, ¶36; ***Kirsch***, 386 Wis. 2d 388, ¶2. While the WCA provides that a debtor is entitled to "written notice of the alleged default and, if applicable, of the customer's right to cure any such default," within a 15-day cure period, before a debt collector can sue him or her on an accelerated balance, *see* WIS. STAT. §§ 425.104, 425.105, our supreme court determined that "failure to comply with [this] procedural requirement … warranted dismissal of Security's action against Kirsch" but "did not disrupt Security's right to payment from Kirsch," ***Kirsch***, 386 Wis. 2d 388, ¶30; *see also **Plaza Services***, No. 2024AP1129, ¶38. The court refused to award damages for this type of procedural violation. ***Kirsch***, 386 Wis. 2d 388, ¶16.

¶17 Presumably to avoid the application of ***Kirsch***'s holding, Burton, as she did in ***Plaza Services***, states that she is not countersuing BCG under the WCA; instead, she is making her claims under the FDCPA. *See **Plaza Services***, No. 2024AP1129, ¶39. In particular, the FDCPA prohibits falsely representing "the character, amount, or *legal status of the debt*," 15 U.S.C. § 1692e(2)(A) (emphasis added), and Burton argues that "the Seventh Circuit has specifically held that false allegations in a state court complaint are actionable under the FDCPA."

¶18 We affirm the dismissal of Burton's counterclaim on the same bases as our holding in ***Plaza Services***. *See **Plaza Services***, No. 2024AP1129, ¶44. Pursuant to our supreme court's discussion in ***Kirsch***, which stated that a creditor's failure to send a notice of right to cure did not impact the *right* to collect on a debt, BCG did not falsely represent the legal status of the debt under the FDCPA by failing to first provide Burton with a notice of right to cure. *See **Plaza Services***, No. 2024AP1129, ¶44; ***Kirsch***, 386 Wis. 2d 388, ¶¶15, 30. The same reasoning applies to BCG's failure to provide Burton with a notice of assignment.

*See **Plaza Services***, No. 2024AP1129, ¶46. Thus, Burton's counterclaim was properly dismissed.

¶19 No costs for either party.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.