COURT OF APPEALS
DECISION
DATED AND FILED

December 14, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP501-FT**

STATE OF WISCONSIN

Cir. Ct. No. 2020JV28

IN COURT OF APPEALS
DISTRICT III

IN THE INTEREST OF B. M., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

    PETITIONER-RESPONDENT,

  V.

B. M.,

    RESPONDENT-APPELLANT.

      APPEAL from an order of the circuit court for Langlade County: JOHN B. RHODE, Judge. *Reversed and cause remanded with directions*.

¶1    GILL, J.[1]  Brandon[2] appeals a dispositional order adjudicating him delinquent on one count of disorderly conduct.  Brandon argues the circuit court erred by entering a dispositional order that delegated authority to the juvenile justice worker to order electronic monitoring.  We conclude the dispositional order conflicts with the court's oral pronouncement, and as such, we vacate the portion of the order which incorporates electronic monitoring and remand for entry of a corrected order consistent with the oral pronouncement.

## BACKGROUND

¶2    On August 30, 2020, Officer Barske with the Antigo Police Department was advised of a property damage complaint at a local laundromat.  Upon arrival, Barske was notified that a toilet tank cover was smashed and a toilet paper dispenser was ripped off the wall.  The estimated cost of the damage was between $150 and $400.

¶3    Barske reviewed a surveillance video and observed a juvenile whom he recognized to be Brandon walking into the restroom and leaving a short time thereafter.  After Brandon left the restroom, the surveillance video showed that the broken items were visible on the restroom floor.  Barske subsequently went to Brandon's home, where Brandon explained he went into the laundromat to use the bathroom.  Brandon further explained that the toilet paper dispenser was not

---

[1] This is an expedited appeal under WIS. STAT. RULE 809.17 (2019-20).  All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2).  Pursuant to this court's order on April 21, 2021, and a presubmission conference, the parties have submitted memorandum briefs. *See* RULE 809.17(1).

[2] For ease of reading and to protect confidentiality, we use a pseudonym when referring to the juvenile in this case.

working, so he punched it. He also stated that the toilet was not flushing properly, so he removed the tank lid, and it slipped.

¶4 Brandon was subsequently charged with one count each of disorderly conduct and criminal damage to property. He entered an admission to disorderly conduct, and the criminal damage to property offense was dismissed. Both parties jointly recommended formal supervision.

¶5 During the dispositional hearing, the circuit court notified Brandon of its authority to order supervision rules that may include, among other things: home detention with certain conditions; out-of-home placement; secure detention for up to thirty days at a time; and electronic monitoring. Brandon stated that he understood. In addition, Brandon inquired when he could have his electronic monitoring ankle bracelet removed, which had been previously ordered at a temporary physical custody hearing. In response, Craig Hotchkiss, Brandon's juvenile justice worker, stated that Brandon needed to exhibit good behavior before the electronic monitoring bracelet could be removed. Specifically, Hotchkiss stated Brandon needed to attend school, stay out of trouble, and then his treatment team would decide when to remove his electronic monitoring. Hotchkiss further opined that he thought it was important for Brandon to remain on electronic monitoring for accountability purposes.

¶6 Brandon's counsel requested removal of Brandon's ankle bracelet as the continuation of its use was not seen in the dispositional report. He did, however, acknowledge that if there was a violation, the bracelet could be reinstated. Thereafter, Brandon entered an admission, and the circuit court proceeded to disposition.

¶7 During argument, the State noted significant concerns about Brandon, including several hospitalizations for self-harming activities. The State further argued that Brandon was able to transition back to his home while being accountable to his supervision with Hotchkiss through the use of electronic monitoring. With respect to the electronic monitoring, the State noted that it was not a punishment but, rather, a case management tool. In addition, Brandon's mother explained that she still had some concerns about Brandon. In particular, she explained that Brandon put himself in this situation by not listening and that she worries about "his danger because of the stuff he goes digging in." Hotchkiss also added that Brandon did not come home right after school as his mother had instructed the prior week, and that he left home without permission on another occasion. Hotchkiss stated that Brandon was not confined by the electronic monitoring because he was able to go to school, appointments, and places with his mother. Hotchkiss considered electronic monitoring a great management tool.

¶8 Conversely, Brandon's counsel argued that electronic monitoring was not a case management tool but instead a "sanction to be given by the Court." Brandon also asked the circuit court for removal of the electronic monitoring bracelet.

¶9 The circuit court placed Brandon on juvenile supervision for one year. The court then stated the following as to electronic monitoring:

> All I will say to both sides if the [S]tate wants me to order it they can schedule further proceedings and we'll take that up. If the defense wants me to order that it stop they can schedule further proceedings and order that it stop or if they think it's being used inappropriately.

Thereafter, a formal written order was entered by the court, which specifically adopted the Langlade County Department of Youth Justice's "Rules of

Supervision," including Rule 22. That rule states: "The youth shall participate in the electronic monitoring program as deemed appropriate by the assigned juvenile worker for any violation of supervision."

¶10 Brandon filed a notice of appeal. After the parties' briefing, however, we requested that the parties supplement their arguments in light of the circuit court's oral pronouncement conflicting with the written dispositional order.

## DISCUSSION

¶11 Brandon first argues that the circuit court cannot delegate authority for the imposition of electronic monitoring to the juvenile justice worker. Brandon further argues that electronic monitoring is not an appropriate sanction as it is not enumerated in WIS. STAT. § 938.355(6). We need not address these issues because we conclude that the court's written order was inconsistent with its oral pronouncement. *See* **Turner v. Taylor**, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (court need not address all issues raised by the parties if one issue is dispositive).

¶12 The circuit court, in its oral ruling, stated that it was not ordering anything on electronic monitoring. Thereafter, without explanation, a formal order was entered by the court adopting the Langlade County Department of Youth Justice's "Rules of Supervision," including Rule 22, which states that the youth participate in electronic monitoring as deemed appropriate by the assigned juvenile worker for any violation of supervision.

¶13 In **State v. Perry**, 136 Wis. 2d 92, 401 N.W.2d 748 (1987), our supreme court addressed the issue of conflict in the circuit court's oral pronouncement with its written order. In **Perry**, the original oral pronouncement

required that sentences for burglary and robbery be concurrent with each other and concurrent to the sentence imposed for injury by conduct regardless of life. *Id.* at 112. The written judgment, however, ordered that the sentence for the injury by conduct regardless of life count be consecutive to the other sentences. *Id.* Our supreme court concluded that the oral pronouncement was unambiguous. *Id.* at 114. The court concluded that the oral pronouncement controlled over the written judgment. *Id.*.

¶14 After our review of the record on appeal, it is evident that there is a conflict between the circuit court's oral pronouncement and its written dispositional order. Because the court's oral pronouncement controls, we reverse the original dispositional order. On remand, we direct that the order be amended to reflect the court's oral pronouncement.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.